## Mills Olcott *vs.* William Scales.

An acknowledgement of a debt, in terms which admit it to be due, removes the effect of the statute of limitations, notwithstanding the debtor assigns his poverty as a reason for not paying, or not giving a new note ; while he does not deny his liability.

This principle applies to an action of debt on judgement.

This was an action of debt on judgement. It was tried in the county court, Paddock, J. presiding, and was brought here on the following bill of exceptions :

" The defendant pleaded that there was no such record as plaintiff had declared upon ; to which the plaintiff replied, that there was such a record, and prayed the same to be inspected by the court ; to which the plaintiff joined. Upon which issue the court found there was such a record. The defendant, in his second plea, pleaded the statute of limitations ; to which the plaintiff replied a new promise. The defendant, in his rejoinder, traversed the promise ; and, by consent, put himself on the court for trial ; and the plaintiff joined the issue to the court. On the trial of the cause, the plaintiff produced Chester W. Bloss as a witness, who testified, that, in the year 1821, he had the judgement in question to collect ; that he called on the defendant for payment,

CALEDONIA, *March,* 1831.

Olcott *vs.* Scales.

when the defendant said, that the original cause of action, on which the judgement was obtained, was a hard one ; that there was a loss in the property ; he said, when he was sued, *he went* to court ; but when he arrived there, the cause was defaulted, and he could not get the default stricken off; that he had paid a part of the cost since that, and, during the pendency of that suit, he offered the plaintiff a yoke of oxen, which, he told the plaintiff, was the best he could do, as he was then and still poor ; which the plaintiff would not receive ; that the defendant at this conversation admitted the debt to be due, or unpaid, and said he had not paid it ; was poor and could not pay it, nor any part of it. Witness asked him to give his note. The defendant said it would do no good, for he could pay nothing, and declined giving his note. That, after the commencement of this action, the defendant said to the witness the same things as above stated, and added, he was surprised witness sued him, as he thought he had, in 1821, convinced witness by the conversation, and that it was given up. This was the whole testimony in the case. Whereupon the court decided, that this witness being believed, the plaintiff was not entitled to recover ; and found for the defendant his cost.

The plaintiff excepted," &c.

*Argument on the part of the plaintiff.*—The admission, that a debt is due, or has not been paid, supports the issue on the part of the plaintiff, when he replies a new promise ; for the statute goes upon the ground that the debt has been paid, but, from lapse of time and accident, the defendant has lost the evidence of such payment. For, if the debt is due, the law raises a promise, as upon a count for money had and received. If the defendant admits he had the money, there is no occasion for an express promise to pay.

But it is further said, that the defendant must express a willingness to pay. Why so ? If the debt is due, it is but just he should pay it. It is the province of the law to make him willing. It is also said, that the defendant must be able to pay ; or, at least, he must not say, that he is unable to pay. Will the Court take an account of the debtor's effects, and see what he is worth ; and decide against him if he is rich, or in his favor, if he is poor ? or, shall the question be, whether he is worth the debt sued for ? and if he is able, shall his having told a falsehood, by saying he was not, protect him ? Are any of these positions issuable ? An execution is the best evidence of his responsibility. Why is poverty

CALEDONIA,
*March,*
1831.

Olcott
*vs.*
Scales.

any better plea in bar against an old debt, than a new one ? Why better against an indulgent creditor, than against a vigilant and sharp one ?—*Bal.* 190, 1 ; 1 *Stark. Ev.* 53 ; *Gregory* vs. *Parker,* 1 *Camp. R.* 394 ; *Halliday* vs. *Wood,* 3 do. 31 ; *Gainsford* vs. *Grammar,* 2 do. 9 ; *Leaper* vs. *Tatton,* 16 *East R.* 420 ; *Danthrall* vs. *Tibbits,* 5 *M. & S.* 74 ; *Hellings* vs. *Shaw,* 2 *Com. Law Rep.* 236 ; *Clark* vs. *Hingham,* 9 do. 47 ; *Gailer* vs. *Grinnell,* 2 *Aik. R.* 349 ; *Roberts* vs. *Roberts,* 17 *Com. L. Rep.* 191 ; 1 *Sw. Dig.* 304 ; *Bryan* vs. *Horsman,* 4 *East,* 600 ; 11 *Com.L.Rep.* 502; *do.* 59; *Boydell* vs. *Drummond,* 2 *Camp.* 157.

*Argument for the defendant.*—The English decisions, upon the question involved in this case, have been contradictory. In the earlier cases it was held, that, in assumpsit, a new promise took the debt out of the statute ; but it must be an *express* promise.—2 *Show.* 126 ; 12 *Vin. ab.* 229 ; 3 *Atk.* 105. The doctrine was, subsequently, very much extended ; and it was for a long time held, that the slightest acknowledgement was equivalent to an express promise, and, in the case of *Leaper* vs. *Tatton,* 16 *East,* 420, the court went so far, as to hold, that the defendant having said " he would not pay the debt, and that it was not in his power to pay it," was a sufficient acknowledgement of the debt. The case of *Bryan* vs. *Horsman,* 4 *East,* 600, is a decision of this sort, although it does not go so far as that of *Leaper* vs. *Tatton.* The case of *Clark* vs. *Bradshaw and another,* (3 *Esp. R.* 155,) adopts this doctrine, but, in this case, as also in that of *Bryan* vs. *Horsman,* the court intimated, that, if the question were new they should hold differently. The later English courts have extended those intimations into express decisions, overruling the cases above cited. In *Macklow* vs. *St. George,* 4 *Taunton,* 613, *Mansfield, Ch. J.* said, that " the cases upon the statute of limitations had indeed gone to an *enormous length,* and that there never was such another case as that of *Bryan* vs. *Horsman.*"

It was said, in the case of *Green* vs. *Rivett,* 2 *Salk.* 422, that " the statute, upon which the security of all men depended, was to be favored." And Mr. Sergt. Williams says, in note 6 to the case of *Hodsden* vs. *Harridge,* 2 *Saund.* 64, that " it is an extremely beneficial statute ; and that although it will, now and then, prevent a man from recovering an honest debt, yet it is his own fault, that he postponed his action so long ; beside which, the permitting of evidence of promises and acknowledgements, within six years, seems to be a dangerous inlet to perjury."

CALEDONIA,
March,
1831.

Olcott
vs.
Scales.

It is, perhaps, too late to say, that an unqualified acknowl- edgement of the existence of the debt will not take it out of the statute. But it is, by no means, too late to insist, that when the acknowledgement is accompanied by a positive refusal to pay, or by an alleged total inability to pay, the defence under the stat- ute is not barred. Such is the decision of the court of common pleas, in the case of *A' Court* vs. *Cross*, 3 *Bing*. 329. In that case, which was assumpsit, and the statute of limitations pleaded, the defendant was proved to have said, "I know that I owe the money, but the bill I gave was upon a threepenny receipt stamp, and I will never pay it." The court unanimously ruled, that, "when there is any thing said, at the time of the acknowledge- ment, to repel the inference of a promise, the acknowledgement will not take a case out of the statute ;" and they accordingly gave judgement for the defendant.—2 *Stark. Ev.* 895, *note ;* 3 *Camp.* 33, *notes ;* 13 *Com. L. Rep.* 85 *; Id.* 273 *; Id.* 361 *; Id.* 447 *;* 14 *C. L. Rep.* 313; 4 *M. & S.* 458 *; 2 Pick. R.* 368. The case of *Gailer* vs. *Grinnel*, 2 *Aikens*, 349, does not contradict the case from *Bingham*, for the acknowledgement, proved in the former, was unqualified, and was accompanied by nothing to re- pel the inference of a promise. Such an inference, however, is directly repelled by the language employed by the defendant in the case at bar. To infer a promise in this case would be to say, that, when the defendant expressly said he *never could* pay the debt, he meant to be understood that he *positively would pay it !*

A new promise cannot revive a judgement.—11 *C. L. R.* 126 *;* 13 *do.* 85 *;* 11 *do.* 124, 502.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—The case allowed by the judges of the county court recites the testimony of one witness, to wit, one Bloss, in support of the issue on the part of the plaintiff, and then recites the decision of the court, that, if this testimony is consider- ed to be true, yet the plaintiff is not entitled to recover. We are called upon to revise that decision ; and the first question present- ed is whether a new promise will prevent the statute bar in an action of debt on judgement. This question is raised in argu- ment, though not directly so by the pleadings. The plaintiff, in his replication, alleges a new promise within six years before the commencement of the action. A demurrer to this replication would have raised the question directly. But the defendant's traverse of this replication raises only the question of its truth.

CALEDONIA,
March,
1831.

Olcott
vs.
Scales.

If it were otherwise, the case must be governed, as to this point, by the decision of *Gailer* vs. *Grinnell*, cited from *Aikens' Reports*. That replication was supported by the majority of the Court, notwithstanding an objection which I then considered formidable ; it stating the promise to have been made within eight years, which might, itself, have been outlawed two years before the commencement of the action. The replication excludes that objection, by alleging a promise made within six years. The more important question is whether this testimony, supposing it true, amounts to such a new promise as will remove the bar. It is admitted by the counsel, as the result of all the authorities, that an unequivocal acknowledgement of the debt, unaccompanied by any thing to detract from its force, removes the statute bar. In the present case the defendant told the witness, that the original cause of action was a hard case ; that there was a loss in the property received by him ; that he went to court to defend the suit, but the action was defaulted before he arrived ; that he endeavoured to get the default stricken off, but without effect ; that he had paid a part of the cost since that time ; and, during the pendency of that suit, he offered the plaintiff a yoke of oxen, telling him that was the best he could do, as he was then poor, and yet is so ; that the plaintiff refused to receive the oxen ; that the defendant admitted, in said conversation, that the debt was due, or unpaid, and said he had never paid it ; that he was poor and could not pay it, nor any part of it. Witness asked him to give his note for the debt : he said it would do no good, for he could pay nothing ; and he declined giving his note. That, since this action was brought, the defendant stated the same things to the witness. Now, we can make nothing of all this short of an unequivocal acknowledgement that the debt was due and unpaid. The defendant spoke, it is true, of its being a hard case in the outset : but we can go no farther back than the judgement. That established the debt beyond dispute, at that time. His acknowledgements show it never was paid since it passed into a judgement. The modern cases cited at the bar for the defendant are not parallel with this. The case of a special conditional promise to pay when he should be able, requires proof of his ability to pay, in order to remove the bar. The three penny stamp case seems farther off still ; for, when the defendant said that he owed the debt, but would never pay it, he added a reason, which, if true, showed that he never was legally bound to pay it. The late cases in England lean against the more ancient decisions which admitted almost any conversation about a debt, that did not

x

CALEDONIA,
*March,*
1831.

Olcott
*vs.*
Scales.

expressly affirm it to have been paid, to be sufficient to take it out of the statute. We are not disposed to go the length of those ancient decisions. But we are ready to decide, that an acknowledgement that the debt is due and unpaid, without the addition of any expression intimating that the debtor is not liable to pay it, does remove the statute bar. And we think the case before us is one of this description. The defendant's allusions to his poverty contain no implied denial of his liability, and do not at all difference the case from what it would be without them. He does not say the debt is not paid, and he is not liable to pay it, or will not pay it; but that it is not paid, and he is not able to pay it.

Were this case new in principle, we should consider well before we should go this length. But this principle, to the extent we now carry it, seems to come down to us as common law, adopted by our statutes, and has been treated as such in all the decisions in this state. We must now treat it as law. If it is not the best practical law for this state, the legislature can pass a prospective statute, and so regulate the matter as to do no injury to any person.

The judgement of the county court is reversed, and a new trial is granted.

*J. Mattocks,* for plaintiff.
*Geo. B. Shaw,* for defendant.