The opinion of the Court was delivered at May term 1823, at Plymouth, by
Putnam J.
The right of a party to recover is to be tried by its validity at the time when the action was commenced. In the case at bar, the defendant had not then made any promise, or renewal of the promise which was originally made in his infancy. A direct promise is necessary ; a mere acknowledgment of the debt is not sufficient. Smith v. Mayo et al.[1] It must be voluntary ; not under the terror of an arrest, and with a knowledge that the party was by law discharged. Per Lord Alvanley, in Harmer v. Killing, 5 Esp. 103.[2] Paying money on account of a bill is not sufficient. The promise is not to be inferred, as in the cases under the statute ot.’ limitations, but must be express. And it must be made before the commencement of the action. Per Lord Kenyon, in Thrupp v. Fielder.
The case at bar is much like Tappan v. Abbot et al. in Essex, November term 1820, where the evidence to prove a *209 promise after the defendant came of age, was, that he said to the officer who had the writ to serve, “ that his brother ought to have paid the note ; that the writ should not go to court; that it should be settled ; that he would see his brother, who ought to pay it;” and after the writ was returned, “that he meant to go to jail on it.” But that evidence was held not to be sufficient.
Now the only evidence in the present case was drawn from the defendant by the officer, after the action was commenced, and before the writ was served. It was altogether prospective ; “he would endeavour to get his brother to be bound with him.” In the view of it most strongly to be taken against the defendant, it does not prove that he had made even any acknowledgment of the debt; much less was it a promise to pay, before the action was commenced, and after he was of full age. On this ground, the Court are of opinion, that the verdict must be set aside, and that the plaintiff shall be nonsuited.[1]

 Thompson v. Lay, 4 Pick 48; Whitney v. Dutch, 14 Mass. R. 137; Jackson v. Mayo, 11 Mass. R. 147 See Cheshire v. Barrett, 4 M’Cord, 241.

 Hussey v. Jewett, 9 Mass. R. 100; Curtin v. Patton, 11 Serg. & R. 305.

 Thornton v. Illingworth, 4 Dowl. & R. 545; S. C. 2 B. & C. 824. Contra, Wright v. Steele, 2 N. Hamp. R. 51. The ratification of an infant’s contract should be a promise to a party in interest, or his agent, or at least an explicit admission of an existing liability, from which a promise may be implied. Goodsell v. Myers, 3 Wendell, 479. See Orvis v. Kimball, 3 N. Hamp. R. 314; Kline v. Beebe, 6 Conn. R. 494; Barnaby v. Barnaby, post, 317.