The opinion of the Court was delivered at April term 1823, at Taunton, by
Parker C. J.
The question is, whether an express promise by the defendant to perform the award of the arbitrators is proved. After the defendant came of age, he in- • closed 10 dollars in a letter to his mother, in part of the annual payment which had become due according to the award. The words of the letter are, “You will find,” &c. [ut ante]. There can be no doubt, that this amounts to a complete recog nition of the award, and a ratification of it. The doubt has been, whether it amounts to an express promise to pay any thing beyond the instalment due at the time of writing the letter.
It is agreed to be law, that the promise of an infant canna *229 be enforced against him upon a mere acknowledgment after he comes of age, as in the case of the statute of limitations, and that part payment after coming of age of a contract made during infancy is not a sufficient ratification of the promise. But we think this case stands upon different grounds, and that it is like those cases in which contracts are made by or with infants, which are voidable, but which may be affirmed or ratified after they come of age. Here the subject matter of the contract is a release of an incumbrance of dower upon the infant’s estate, with an equivalent to be paid by him in money by way of annuity. As this bargain was made by the guardian, the infant on coming of age has a right to avoid it;[1] but so far from doing this, he has accepted the estate free of dower as assigned to him by the probate court, and has entered into the possession of the estate, and enjoyed it for several years, according to the contract made by his guardian. This alone would be a sufficient ratification of the contract;[2] but, in addition to this, he pays the plaintiff part of the money due, promises to pay the residue of that instalment, admits that it is on account of the dower, and says he had lodged money in his brother’s hands to meet an annual payment.
Whether he meant that he had lodged funds to meet every annual payment is not certain, though probable; but be this as it may, there is a sufficient ratification of the contract. If an infant make a lease for years, and at full age say, God give you joy of it, this is a good affirmation of the lease. 4 Leon. 4. If an infant take a lease for years of land, rendering rent, which is in arrear for several years, then the infant comes of age, and still continues the occupation of the land, this makes the lease good and unavoidable, and charges him with all the *230 arrears incurred during his minority. Kurton v. Eliot, 2 Buls 69; S. C. Cro. Jac. 320; S. C. Godb. 120; S. C. 1. Rol. Abr. 831, l. 45. Here affirmation is only implied, so that there seems to be a difference between contracts simply for the payment of money, or the performance of any personal duty, and those which are connected with land, or grow out of an interest therein. Had the mother executed a release, pursuant to the award, and the infant entered into the estate, after he came of age, and denied her dower, she could have no remedy except upon the award. And there is no difference arising from her not having executed the release ; she cannot claim dower but at the peril of her bond, so that the defendant is perfectly secure of the consideration for which he was to pay the money.[1]

Judgment according to the verdict.

 See Weed v. Ellis, 3 Caines’s R. 253; Bean v. Farnum, 6 Pick. 272. A guardian of infant heirs is authorized to assign dower. Jones v. Brewer, post, 317. But he cannot avoid a beneficial contract of his ward made without ilia consent, though it is voidable by the infant himself. Oliver v. Houdlet, 13 Mass. Rep. 240. See Irvine v. Crockett, 4 Bibb, 437.

 See Van Dorens v. Everett, 2 Southard, 460; Belton v. Briggs, 4 Desauss. 465; Hubbard v. Cummings, 1 Greenl. 11; Dana v. Coombs, 6 Greenl. 89. If an infant conveys land, a mere admission of that fact by him, after he is of full age, is not an affirmance of his act. Jackson v. Burchin, 14 Johns. R. 124

 See Ford v. Phillips, ante, 202, Boston Bank v. Chamberlain, 15 Mass R 220