*Essex,*
*March,*
*1827.*

Boardman
*vs.*
Bickford.

---

## BARNET GAILER *vs.* RALPH GRINNEL.

*Held*—That the statute of limitations goes upon the presumption of payment after the time therein limited, and that an acknowledgment of the debt within the time limited, shows that it has not been paid, and thus, by removing the presumption, takes the case out of the statute—that the debt is thereby revived *ab initio,* and the plaintiff recovers not on the ground of having a new right of action, but because the statute bar is removed by the acknowledgment.

In an action of debt on judgment, where the defendant pleaded that no right of action had accrued to the plaintiff within eight years next before the commencement of the suit—replication, that the right of action did accrue within, &c. and issue joined thereon; *Held*—That evidence that the defendant had, within eight years next before the commencement of the action, acknowledged the said debt to be due, was competent and proper under said issue, and that there was no departure in the pleadings.

THIS cause came before the Court, on a motion of the defendant, that the judgment of the county court be reversed, and for a new trial, founded upon exceptions taken at the trial below, and certified up to this Court, as follows :—

This was an action of debt, on a judgment of the common pleas for the county of *Renssellaer,* and state of *New-York,* rendered on the 10th day of April, A. D. 1810.

Plea, that no right of action accrued to the plaintiff within eight years next before the commencement of this suit—replication, that the right of action did accrue to the plaintiff within eight years next before the commencement of this action.— On which replication issue was joined. In support of this issue the plaintiff offered testimony to prove, that the defendant had, within eight years next before the commencement of the action, acknowledged the said debt to be due : to the admission of which testimony the defendant objected, as being a departure from the declaration ; but the court overruled the objection, and admitted the testimony. In delivering their opinion, the court stated, that they should consider the case the same as though the defendant had regularly pleaded, that the plaintiff had not commenced his action within eight years next after the rendition of judgment—and the plaintiff had replied, that the defendant had, within eight years next before the commence-

*Franklin,*
*January,*
1828.

Gailer
*vs.*
Grinnel.

ment of the action, promised to pay the said debt; and that the promise subsequent to the rendition of judgment, so pleaded, would not be a departure from the declaration, but would support the same:---To the admission of which testimony, and the decision and opinion of the court thereon, the defendant excepts, &c.

*Smalley* and *Adams*, in support of the motion, insisted,

1st. That an action of *debt* on judgment cannot be sustained, unless commenced within eight years next after the rendition of said judgment.---*Statute*, 290.---2 *Saund.* 63, *in notis.*

2d. That an acknowledgment that a judgment is due and unpaid, gives no additional force to the remedy on said judgment.

3d. That, in an action of debt on judgment, the replication of a subsequent promise is a departure in pleading.

*Brayton* and *Bailey*, contra, cited 1 *Chitty*, 554, 570, 623---*Ballantine on Limitations*, 188, 192---*Trueman* vs. *Fletcher, Cowp.* 548---*Lord et. al.* vs. *Slater*, 3 *Con. Rep.* 131---*Baxter* vs. *Penniman*, 8 *Mass. Rep.* 133---*Leaper* vs. *Fulton*, 16 *East.* 420---*Jackson* vs. *Fairbanks*, 2 *H. Black.* 340.

The opinion of the Court was pronounced by

PRENTISS, J. It appears to be well settled, that an acknowledgment of a debt barred by the statute of limitations, or a promise to pay it, revives the original debt, and that the action must, properly, be brought on the old debt, and not on the new promise. Indeed, in the case of a debt barred by a certificate of bankruptcy, if the bankrupt afterwards promises to pay it, it may be recovered of him; and it is well established, that the action need not be brought on the new promise, but it is sufficient, in such case, to declare upon the original consideration, and, if the certificate be pleaded, to reply the new promise. (*Williams* vs. *Dyde, Peake's Cas.* 68.---*Besford* vs. *Saunders*, 2 *H. Blac.* 116.---1 *Chit. Pl.* 40.) In *Shippey* vs. *Henderson*, 14 *Johns. Rep.* 178, the defendant, to a declaration in assumpsit, pleaded his discharge under an insolvent act. The plaintiff replied, that subsequently to the defendant's discharge, and before the commencement of the suit, the defendant *assented to, ratified*, and *confirmed* the promise laid in the declaration. On demurrer, it was held, that the replication was sufficient, and that the plaintiff was entitled to judgment. The same principle prevails with respect to the ratification, by a person of full age, of a debt contracted during infancy. (*Borthwick* vs. *Canuthers*, 1 *T. Rep.* 648.) In the case of a debt barred by a certificate of bankruptcy, however, or a debt contracted during infancy, a bare acknowledgment or recognition of the prior demand, is not sufficient to render the party liable. He must, by an express promise, or by some express act, at least, confirm the debt, and waive his right to be discharged, (*Thrupp* vs. *Fielder*, 2 *Esp.* 628.----*Harmer* vs. *Thilling*, 5 *Esp. Cas.* 102.----*Barnaby* vs. *Barnaby*, 18 *Mass.* 221.) And, in either case, the promise must be made before the commencement of the action,

Franklin,
January,
1828.

Gailer.
vs.
Grinnel.

(*Thornton* vs. *Illingworth*, 2 *Barn. & Cres.* 1824.---*Ford* vs. *Phillips*, 18 *Mass.* 202.) But in the case of a debt barred by the statute of limitations, a mere acknowledgment of the debt, without an express promise to pay it, is sufficient; and such acknowledgment or promise, though made after the commencement of the action, may be given in evidence. (*Yea* vs. *Fomaker*, 2 *Burr.* 1099.---*Bryan* vs. *Horseman*, 4 *East*, 599.---*Slerby* vs. *Champlin*, 4 *Johns. Rep.* 461.---*Danforth* vs. *Culver*, 11 *Johns. Rep.* 146.) These considerations render it quite apparent, that the action must, properly, be brought on the original cause of action.

It is urged in the present case, that the statute having provided, that all actions of *debt* or *scire facias* on judgment, shall be brought within eight years from the *rendition* of the judgment, and *not after*---the remedy, by the terms of the statute, when once gone, cannot be revived;---that a replication, in such action, of a promise to pay the debt, would be a departure in pleading; and, therefore, if any remedy can be had in such case, it must be by an action on the promise. If this be true, it is obvious that there can be no remedy whatever, where the promise is made before the statute has run, and the right has been suspended by it; because a promise to pay a debt to which the party was before liable upon record, and while a legal right of action existed, capable of being enforced in a court of law, cannot be the ground of an assumpsit. (*Anonymous Cowp.* 128.) There would be no foundation, in such case, upon which the action could rest; and it would follow, that if the promise was made the day before the statute has run, it can have no effect, but if made the day after, it is valid, and will give a remedy. A doctrine which leads to such consequences, cannot be very consistent, or at all satisfactory. In *Lord* vs. *Shaler*, 3 *Con. Rep.* 131, which was an action of debt on book, the defence was the statute of limitations, and the answer, an acknowledgment of the debt within six years. It was insisted, that, as the statute had enacted, "that all such book debts as shall not, within six years, be either sued for, balanced, or accounted for, with the original debtor, and an account or balance thereof witnessed, by subscribing the debtor's or accountant's name to the creditor's book, shall not be recoverable in any court," &c. no acknowledgment or promise could take the case out of the statute. But it was determined, that notwithstanding the phraseology of the statute, the acknowledgment took the case out of it, and revived the original cause of action; and that the action should be brought on the original cause, and not on the new promise arising from the acknowledgment. In *Maxim* vs. *Morse*, 8 *Mass.* 127, the defendant, to an action of debt on judgment, pleaded his certificate of discharge under the bankrupt act. The plaintiff replied, that, after the defendant obtained his certificate, he waived and gave up all advantage to be taken of it in bar of the plaintiff's demand, and promised to pay him the amount of the judgment. It was urged in behalf of the defend-

Franklin,
January,
1828.

Gailer
vs.
Grinnel.

ant,' that although the original debt might furnish a sufficient consideration for the new promise, yet no action could be maintained upon the judgment; and that the replication was inconsistent with, and a departure from the declaration. But it was held, that the replication was no departure, as its effect was to remove the bar set up by the defendant, and revive the old debt, and that the action on the judgment was well maintained.

An examination of the adjudged cases upon the statute of limitations, will sufficiently show, that the objections urged in this case are without foundation, and cannot prevail. In *Baxter* vs. *Penniman,* 8 *Mass.* 133, which was an action on several promissory notes, executed to the plaintiff's intestate, the defendant pleaded, amongst other pleas, *actio non accrevit infra sex annos,* upon which issue was joined. To take the case out of the statute of limitations, the plaintiff, at the trial, proved, that the defendant, after the death of the intestate, acknowledged the debts to be due. The defendant objected to the admission of this testimony, because the acknowledgment was evidence of a promise to the plaintiff since the death of the intestate; and it was argued, that, as there was no special count, alleging the promise to be made to the plaintiff, but the declaration alleged it to be made to his intestate, the testimony was not admissible. But the court determined, that an admission of the debt as undischarged within six years before action brought took it out of the statute, and it was immaterial whether the admission was made to the intestate or the plaintiff. They said, that the principle which ought to govern in the construction of the statute, was, that a presumption arises from the lapse of time that the debt has been paid; but, when this presumption is rebutted by an acknowledgment of the debt within six years, the contract is not within the intent of the statute. This appears to be the true doctrine, although the decision upon the particular point in question, stands opposed to the cases of *Dean* vs. *Crane,* 1 *Salk.* 28, *Hickman* vs. *Walker, Willes,* 29, and *Sarell* vs. *Wine,* 3 *East,* 409, which, it seems, will not admit proof of an acknowledgment or promise to the executor or administrator, in support of a declaration alleging the promise to the testator or intestate. In *Heylin* vs. *Hastings, Carth.* 471, it was admitted, that a promise made to the executor or administrator was sufficient in such case, because the promise does not give any new cause of action, but merely revives the old cause, and is of no other use but to prevent the bar by the statute. According to the case of *Quantock* vs. *England,* 5 *Burr.* 2628, the statute admits the cause or consideration of the action still existing, and merely discharges the defendant from the remedy, and, therefore, the effect of an acknowledgment or promise is only to revive the action. In *Leaper* vs. *Tatton,* 16 *East,* 420, it was objected, that the declaration, being on a bill of exchange where the promise was to pay on a day certain, and that promise being the cause of action put in issue by the plea of the statute of limitations, evidence of a subsequent promise could not support the issue, but the plaintiff

*Franklin,*
*January,*
*1828.*

Gailer
*vs.*
Grinnel

should have declared on the new promise. But *Lord Ellenborough* said, that the limitation of the statute being only a presumptive payment, an acknowledgment of the debt did away the statute; and, as to the form of declaring insisted upon, it was enough, to say, that it had never been in use, but that it was the common practice to declare on the original contract, and if the statute was pleaded, the only question was, whether the defence given by it had been waived. And he added, that if the objection were good, it would be necessary to recast all the modes of declaring, by way of obviating the possibility of the defendant's taking advantage of the statute of limitations. The doctrine laid down in the case of *Gibbons* vs. *McCasland*, 1 *Barn. & Ald.* 689, is, that the statute proceeds upon the principle, that the evidence of the defence has been lost by the lapse of time, and, therefore, an acknowledgment of the existence of the demand defeats the statute, because it rebuts the presumption that the debt has been paid. The same doctrine was adopted in the still more modern case of *Thornton* vs. *Illingworth*, 2 *Barn. & Cres.* 824. *Bayley*, J. said, that the ground on which the statute proceeded, was, that after a certain time it should be presumed that the debt had been discharged; that a new promise rebutted that presumption, and then the plaintiff recovered, not on the ground of having a new right of action, but that the statute did not apply to bar the old one. *Holroyd*, J. said, that the statute proceeded upon the supposition that the evidence of the defence had been lost by the lapse of time; and, where the statute had run, a new promise revived the debt *ab initio*. The principle established by the authorities, is, that the acknowledgment or new promise is a waiver of the statute, and takes the case out of it, so that the statute does not operate upon it; and whenever a case is taken out of the statute, the original debt is revived, and the action may be brought upon it. If this be the principle, it certainly applies as well to a debt arising on judgment as to any other debt. There is nothing appertaining to a judgment debt, or in the language of the statute applied to it, to distinguish it, in this respect, from a debt on simple contract; and, to say that one may be revived by an acknowledgment or promise, and not the other, would be making a distinction, not founded in reason or principle, nor called for by any known rule of law.

It has been argued, that if the remedy upon a judgment may be thus revived, then the remedy in trespass, and in all cases of tort, may be revived in the same way. It is sufficient to say, that the principle has never been extended, and never can be applied to cases of that description. In *Hurst* vs. *Parker*, 1 *Barn. & Ald.* 92, which was an action of trespass, it was determined, that an acknowledgment of a tort, or a promise to make compensation, within six years, would not take the case out of the operation of the statute. A similar decision was made in *Oothout* vs. *Thompson*, 20 *Johns. Rep.* 277, in an action on the case for a tort; and *Spencer*, Ch. J. observed, that a case of

45

*Franklin,*
January,
1828.

Gailer
*vs.*
Grinnel.

that kind did not stand upon the same principle as the acknowledgment of a debt within six years.

It is further said, that the principle adopted will virtually change a debt of record into a simple contract debt, and really give effect to a promise for eight years, when the statute limits all actions upon promises to six years. An objection somewhat similar in character, was made in the case of *Gibbons* vs. *McCasland,* already cited. That was an action upon a contract reduced into writing pursuant to the statute of frauds, and on the issue joined upon a plea of the statute of limitations, the plaintiff relied upon an acknowledgment of the defendant's liability within six years. It was urged for the defendant, that the plaintiff's right of action upon the original contract being gone at the expiration of six years, the action could be founded only upon the ground that the subsequent promise created a new contract between the parties, and as that promise was not in writing, the action could not be supported ; and to allow it to be maintained, would be giving effect to a promise, which the statute of frauds declared should have no effect. But *Lord Ellenborough* said, that the acknowledgment was a recognition of a subsisting liability, and was sufficient, whatever the form of the original promise might have been, whether in writing or otherwise, to take the case out of the statute of limitations. *Bayley,* J. said, that the acknowledgment, though a verbal one, was sufficient, because the defendant's liability was fixed by the original promise in writing, and the acknowledgment within six years was only to show that such liability had not been discharged. In the present case, the defendant's liability was fixed by the judgment, and as the statute goes upon the presumption of payment after the lapse of eight years, the acknowledgment of the debt within eight years shows that it has not been paid, and thus, by removing the presumption, takes the case out of the statute. The acknowledgment, as before shown, revives the debt *ab initio,* and the plaintiff recovers, not on the ground of having a new right of action, but that the statute, by reason of the acknowledgment, does not apply to bar the old one.

Judgment for the plaintiff affirmed.

*Brayton* and *Bailey,* for the plaintiff.
*Smalley* and *H. Adams,* for the defendant.