## SAMUEL BARLOW vs. AARON BELLAMY.

An unqualified acknowledgment, that a debt is due, is conclusive evidence of a new promise, and takes a case out of the *statute of limitation.*

This was an action of assumpsit on three notes of hand, dated June, 1817. Plea, the statute of limitation. Replication, a promise within six years, and issue joined to the country. On trial, the plaintiff proved, that one S. H. Barlow, as his agent, called on the defendant with the notes, February 28, 1828, at Shelburne, and there showed him the notes, and talked with the defendant about them. The defendant then said, that he gave the notes, that they were due, and he meant to have seen the plaintiff about them before. This was all the evidence in the case. The defendant insisted, that the plaintiff could not recover, but the court decided that these declarations of the defendant were evidence of a new promise, and directed a verdict for the plaintiff. To which the defendant excepted, and thereon the cause passed to this court.

*Smalley and Adams for the defendant.*—The question in this case is, whether the admission of the defendant, that he gave the notes, and that they were due, and he meant to have seen the plaintiff about them before, is sufficient to revive the notes. According to many of the ancient decisions on the statute, this evidence would undoubtedly be sufficient. But the result of the modern adjudications is, that in order to recover on the strength of a new promise, an express promise to pay, or an acknowledgment

FRANKLIN,
January,
1835.

Barlow
vs.
Bellamy.

of a subsisting debt, which the party acknowledging expresses a willingness to pay, must be proved.—*Bell* vs. *Robinson*, 1 Pet. Rep. 351, 362. Wilk. on Lim. 63, 33, and authorities there cited. L. L. No. 2. *Tanner* vs. *Smart*, 13 C. L. R. 273. *Hancock* vs. *Bliss*, 7 Wend. 267.

No case has been adjudged in this court, where it has been held that an admission of the character of the defendant's at bar would be sufficient proof of a new promise. The admission in this case is no more a promise to pay the notes than the plea in bar. And upon what principle are the court to deprive the defendant of the benefit of the statute, because he did not plead it but in part before he was brought into court?—*Wilkinson, ube supera, Whippy et al.* vs. *Hillary*, 24 C. L. R. 283. *Gibson* vs. *Baghott*, 24 C. L. R. 283, in note.

If the defendant had accompanied his admission with a declaration that he should rely upon the statute to defeat the demand, it is well settled that the admission would not be evidence sufficient to sanction the action. But what kind of ground for an obligation is that, which one may concede, and yet disarm the law of ability to enforce?

*Hunt and Beardsley for the plaintiff.*—The only question presented by this bill of exceptions is, whether the acknowledgment made by the defendant is legally sufficient to remove the statute bar.

The words used by the defendant, when called on for payment, were, " that he gave the notes, that they were due, and that he meant to have seen the plaintiff about them before." These words, we insist, amount to a sufficient acknowledgment to remove the bar and revive the original action. In *Olcott* vs. *Scales*, 3 Vt. Rep. 173, the court directly recognize the doctrine, that an acknowledgment of a debt, in terms which admit it to be due, removes the effect of the statute of limitations. The same doctrine is recognized in *Bell* vs. *Morrison*, 1 Pet. Rep. 368. *Clementson* vs. *Williams*, 8 Cranch, 72, and numerous other authorities, both in England and our sister states. Indeed, we think it may be safely averred, that no case can be found, where an unequivocal, unconditional acknowledgment of a present indebtedness, or a subsisting liability, has not been held sufficient to remove the bar created by the statute.

The opinion of the court was delivered by

COLLAMER, J.—The only question presented is, does an unqualified acknowledgment that a debt is due take it out of the statute

FRANKLIN,
January,
1835.

Barlow
vs.
Bellamy.

of limitation? It is too late now to inquire whether the statute is to be holden an absolute bar both of the debt and the remedy, except in the cases therein excepted; or whether it rests on a presumption of payment, which, when rebutted, dispenses with the statute. Whether the statute confers on the debtor a personal privilege, which he alone may waive by confessing the debt, or by neglecting to plead the statute when sued; whether the statute was made for debts which had been paid, or for those which never were paid; whether, in case of a new promise, the former debt, barred by express law, is revived, or only a foundation laid for an action on the new express promise, of which the old debt constitutes the consideration of moral obligation:—all these, if *res integra*, would constitute grave questions, redolent of discussion. But they are too far settled by decision for any court, not utterly regardless of the course of safe precedent, now to adventure upon. While we repudiate those decisions which wrest a man's words and actions and even silence, to put into his mouth concessions and promises which he never made; we at the same time consider it fully and repeatedly decided in this state, and sustained by authority, that an unqualified concession of an existing debt takes it out of the statute. In this case, the defendant, within six years before the commencement of this suit, and after the statute had run on his notes, conceded that he made the notes, and that they were due. This was an unqualified acknowledgment of an existing debt; nor was it accompanied with any salvo, or protest, or disclaimer of liability, which could rebut the implied assumpsit, arising on an acknowledged indebtedness.—*Gailer* vs. *Grennell*, 2 Aik. Rep. 349.

Judgment affirmed.