ELIAS HALL vs. ALMIRA HALL.

*(In Chancery.)*

If a plaintiff bring *scire facias*, and revive a judgment, he obtains no interest, nor can he ever afterwards revive that claim for interest.

If part of a judgment be apparently satisfied by a levy of record of the execution on real estate acquiesced in by both parties, and the balance of the judgment be revived by *scire facias*, and afterwards the levy be declared void, the amount of the levy may be revived, and the statute of limitations will only run from the time of the levy being declared void.

The object sought in the bill and cross bill is to compel the offset of claims existing between the parties. The questions here decided arise upon the claims set up in the cross bill.

It seems by the cross bill and answer that as early as the January term of this court A. D. 1823 Almira Hall obtained a decree of alimony against Elias Hall of $750, payable in equal annual instalments of $75, without interest, condition that Almira should be entitled to execution for the whole, unless Elias give satisfactory security by some short day. The security not being given execution was taken for the whole sum, and levied upon certain lands of said Elias in satisfaction of $144,75 of the same. This levy was dated on the 5th day of May 1823, one day after the expiration of the time limited in the execution for the return of the same. The said Almira went into possession of the land under the levy and continued to occupy the same without molestation from said Elias until the year 1830, when he instituted an action of ejectment for the land and recovered not only the land, but damages for rents and profits at the January term of this court 1831. On the 6th day of October 1823, Almira Hall took execution for the balance of her decree of alimony being $605,25, upon which Elias was committed to jail and there continued until the month of December 1825, when he was released on *habeas corpus*. She brought *scire facias* on her decree of alimony and asked for a new execution for the $605,25, which she obtained without interest at the January term 1831 in this court. The cross bill now asks that the interest which had accrued upon the $605,28, for which judgment was rendered in the *scire facias*, without interest, may

ADDISON,
January,
1836.

E. Hall
vs.
A. Hall.

be allowed and offset against the claim set up in the orator's principal bill, and also that the amount of $144,78 and interest from the time of the decree of alimony may be recovered and set off in the same way.

The orator in his answer to the cross bill insists that the first of the claims here set up is merged and gone by the judgment on the *scire facias* and,

2. That by the terms of the original decree the said Almira is not entitled to interest thereon.

As to the second claim, the orator in his answer to the cross bill insists, that it is barred by the statute of limitations and,

2. That it is merged or abandoned by the judgment on the *scire facias*.

The case is set down for hearing on the bills and answers.

*H. Seymour for A. Hall.*—Almira Hall claims—1st. Interest on that part of the decree not satisfied by the levy of execution on land, from January 1823, to January Term 1831.

2dly. That part of the decree that was satisfied by the levy of execution on land, to wit, $144,75, and the interest on it from the date of the decree.

3dly. What remains unsatisfied of the execution obtained at the January Term 1831 with interest on the same.

The decree or judgment of January Term 1823 carries interest, and thus interest is legally and equitably due to Almira ; and the said sum of $144,75 is both legally and equitably due her, and she has a right to recover both of said Elias, unless prevented by some legal impediment arising from proceedings since the decree.

In suits on recognizance, jail bonds and in actions of debt on judgment or decrees, courts have always given interest from the time of the judgment or decree. The statute expressly declares that judgments shall carry interest after sixty days.—Vt. Stat. p. 216.

Almira is not either in law or equity precluded from claiming of said Elias the interest on said sum of $605,25 from the time of the decre nor from claiming said sum of $144,75 and the interest on it by reason of the *scire facias* and the proceedings thereon.

Because, a party's being concluded by a former judgment depends upon the fact of the matter in controversy having been put in issue and decided in the former suit.—Starkie Ev. vol. 1. p. 199.

ADDISON,
January,
1836.
E. Hall
vs.
A. Hall.

And because, on said *scire facias* in January 1831 the court did not adjudge that Almira was not entitled to interest on said sum of $605,25, nor that said sum of $144,75 was not due and owing to Almira, nor was the judgment of the court in said *scire facias* final and conclusive as to either the claim of interest or the claim for said $144,75, as neither of these matters were then before the court for their decision, and they could not and did not pass upon them or either of them. At the time of praying out said *scire facias* the defect in the levy of the execution on land was not known and not mentioned in the writ of *scire facias* and of course the claim for said $144,75 was not before the court for its decision upon it.

The *scire facias* prayed for an execution on the original judgment or decree for that part of it not satisfied by the levy on land. It did not ask for interest on the original judgment, and if it had the court could not consider the question of interest as properly before them on a *scire facias* for an execution, and however well satisfied that interest was legally due on said decree, could not and did not decide that question.

A *scire facias* to renew execution is nothing more than a motion for that purpose in court with notice to the other party to show cause, and does not bring before the court the question of interest on the judgment.—Davis Dig. vol. 6 p. 464–5.—2 Saund. 72.—1 T. R. 388.

The execution awarded by the court on the *scire facias* was an execution on the original decree of 1823 and by the statute 1822 the officer would collect interest from 60 days after the judgment of 1823.

The claim for $144,75 and the interest on it is [not barred by the statute of limitations. Because chancery in adopting the statute as their rule as to the limitations of suits will look at the spirit and intent of the statute. There was no acquiescence by Almira that should prejudice her claim.

Almira was in possession of the land and until Elias brought his action to recover the land, or until the court decided that the delay of the officer in returning the execution to the clerk of the court, no latches could be imputed to Almira.

*Scire facias* to obtain new execution where there was a void levy.—7 Conn. R. 119—124.—Swift's Dig. 583,—5 Conn. 127. 2 Conn. 143.

The statute of 1835. p. 5, secures to Almira her right to claim

Addison,
January,
1836.
———
E Hall
vs.
A. Hall.

the $144,75.   It cannot be objected to this statute that it is re-
tro-active.—4 Conn. R. 210—223-4.—7 Conn. R. 350.

It is no objection to Almira's claim for the interest on the
$605,25 from the time of the decree, that the proceedings in this
case have been such that the law may not furnish her a remedy
that would reach the case.   If this interest is justly and equitably
due to her from Elias, this court will furnish a remedy.—1 Mad.
Chan. 29—47.—2 Atk. R. 219.

Almira might sustain her claim to this interest on the ground of
the strong equity of the claim as exhibited by the history of this
whole matter and by the application of the maxim that " he who
will have equity done him must do it himself to the same person."
Elias comes into the court to ask its aid.   Shall he have it except
on condition that he do eqeity in this thing to Almira?  1 Mad. 88.

In an usurious contract relief refused unless money actually
brought into court.—1 John. Chan. R. 365—439.

So in decreeing a specific performance of a contract, and in other
cases, the court will require that the person applying for relief shall
first himself do equity.—1 Mad. 106.—2 Mad. 640.

We contend further that if the statute of limitations should be
supposed to present any difficulties in the court's giving Almira
such remedy as the equity of her case requires, the statute passed
Nov. 9, 1831, p. 23, Vol. 2 Comp. L., does away the . effect of
the statute of limitations in case of mutual claims so far as an off-
set may be made.   And that the strongest equity requires that
the interest on said $605,75 be allowed her as an offset to the
judgment obtained by Elias for rents and profits and costs in his
ejectment suit.

*Judge Phelps for orator.*—I. As to the set-off prayed for in
the orators bill we consider it a matter of course unless good cause
be shown to the contrary.

The only serious question in the case concerns the claims which
the respondent seeks to bring into the account.

II. Neither of the claims set up in the cross bill are admissable.

1. The claim for interest on the original decree for alimony is
preposterous for two reasons.

*First.* It has already been adjudicated upon in the proceedings
on the *scire facias* in 1831.   Interest is an incident merely for
the principal debt and cannot be made the subject of litigation dis-
tinct from and independant of that principal.

*Second ly.*The decree for alimony did not carry interest.   To

ADDISON,
January,
1836.
E. Hall
vs.
A. Hall.

add interest to it at this day would be to vary the import and effect of that decree and at the same time to enhance its amount.

2. As to the sum of $144,75 claimed as a balance of the original decree, the claim has long since been put at rest by the statute of limitation.

The statute of limitation is a bar in equity as well as at law in all cases where courts of law and of equity have concurrent jurisdiction. It is only in cases of trust and the like, which are cognizable only in equity, that the statute does not apply.

The applicability of the statute to this case has been determined in the case of *Hall* vs. *Tomlinson* decided in this court in 1834, which was an action against the sheriff for a default in not levying the execution in question.

The opinion of the court was delivered by

REDFIELD, Chan.—We have in this case as the offspring perhaps of an unhappy marriage, and a necessary divorce and decree of alimony, in such terms as to keep alive the remembrance of the calamity, the pitiful results of almost twenty years litigation, a term more than sufficient to have earned honors and performed the duties of a well spent life. If we can contrive effectually to bury this numerous and rather novel progeny of law suits out of sight, and forever, we cannot fail to perform important service to the parties. This we hope to do consistent with established principles. The judgment which Elias Hall set out in his bill is admitted to be due. There is also admitted to be due Almira Hall a balance of the judgment obtained on the *scire facias*. The only questions to be here decided arise on the claims set forth in Almira's cross bill.

The oratrix here claims the interest, which in an action of debt, she might have recovered on the judgment, which she saw fit to revive by *scire facias*. It is well settled that on *scire facias* to revive a judgment no damages can be awarded. The writ claims none. The object of the writ is merely to revive the judgment and no interest can be added to it. Execution upon the judgment, in *scire facias* must issue for the same sum of the original judgment. At common law, not only could no damages be recovered, but no cost until the statute of 8 and 9, W. III, c. 11, which provides for costs.—14 Petersdorff 386.

As the debtor had been discharged on *habeas corpus*, no good reason is now perceived why the oratrix might not have brought debt upon the judgment. *Scire facias* is the most common al-

ADDISON,
January,
1836.

E. Hall
vs.
A. Hall.

not the exclusive remedy. But the judgment having been revived by *scire facias*, the plaintiff failed of course, of obtaining execution of the interest which had accrued; and we think thus lost the claim for interest. It will not be allowed to separate the interest from the debt of which it is a mere incident. The judgment upon the *scire facias*, so far merged the judgment for alimony, that the portion not covered by the levy was gone. It become a new debt and could never be declared upon as a judgment of any other term than that of the judgment on the *scire facias*.

We are the more reconciled to this result from the consideration that the original decree was not to have been upon interest, and become an absolute debt at the time it did, only upon the failure of the defendant to comply with a condition which might have been rather his misfortune than his fault; and being in the nature of a penalty it is always in the power of this court to grant positive relief whenever the case is of sufficient magnitude to require interference in that way. But here the relief is already afforded by the abandonment of the claim for interest expressed in bringing *scire facias*, instead of debt to revive the decree of alimony. This claim for interest on that portion of the decree of alimony included in the judgment on the *scire facias* is disallowed.

The other claim set up by the oratrix in her cross bill is the sum covered by the levy which was declared void by this court at the January term 1831.—*Hall* vs. *Hall*, 1 Vt. 304. This sum of $144,75 and the interest is most manifestly due in equity, unless the right of recovery is barred by the statute of limitations or merged in the judgment on the *scire facias*. But as at the time of bringing the *scire facias*, this sum now in controversy, appeared satisfied of record by a levy acquiesced in by both parties, and as it was expressly excepted from the judgment on the *scire facias*, we think it was not affected by that judgment. Had all the judgment except the amount covered by this levy been paid, it cannot be pretended that this could have effected the right to pursue this after the levy had proved ineffectual. Nor can we perceive why reviving that balance on a *scire facias*, which became necessary after the discharge, should have this effect. It is true that the operation of the judgment on *scire facias* was to subdivide an entire claim. But this is a result which must always follow, when a judgment is partly satisfied by a levy, which afterwards proves defective, as to have been upon property, not the debtor's, if it should have become necessary, during the continuance of this levy to revive the balance of the judgment by *scire facias* or debt. And

21

ADDISON,
January,
1836.
───────
E. Hall
vs.
A. Hall.

as this is a necessary result we are more satisfied with the subdivission of an entire claim, than the denial of justice upon a portion clearly due.

But it is further urged that the claim is barred by the statute of limitation, and if so, it must be revived in equity.—*Stanniford* vs. *Tuttle*, 4 Vt. R. 83. But we think that during the continuance of the levy, a satisfaction appearing of record and both parties acquiescing in the legality of the levy, the statute of limitation would not run.

No presumption of payment could possibly arise during this time. And the statutes of limitation all go upon the presumption of payment or that one who has a legal claim will not lie by and suffer it to become old, and not enforce it. And whatever fully and effectually rebuts this presumption, removes the operation of the statute. These statutes like all other statutes are so construed as to advance the remedy and prevent injustice. A strict and literal construction has not been adhered to. Almost all those cases which courts have held not to come within the intent, have still been within the letter of the statute.

A judgment of more than eight years standing, but which the debtor had promised to pay within eight years, would still be barred by the literal construction of the statute. But in the case of *Gailer* vs. *Grinol*, 2 Aik. 349, such new promise was held to revive the cause of action, to put the judgment upon the same ground as to the statute of limitation, as if rendered at the date of the new promise; and this not because the new promise gave a *new cause* of action, but because it effectually rebutted the presumption of payment resulting from lapse of time. If it were to be treated as a new cause of action the remedy should be assumpsit and the statute bar *six* years instead of *eight*, as held by Mr. Justice Hutchinson, in the case of *Gailer* vs. *Grinol.*

For the same reason it was held in the case of *Ferris* vs. *Barlow*, Frank. Co. Jan. T. 1836, that when the defendant was committed to jail, the statute of limitation would not bar the judgment during the time of his confinement there. For this effectually rebuts all presumption of payment. And still by the terms of the statute of limitation, the bar would attach in this case as much as any other. And after the discharge of the debtor from jail even by taking the poor debtor's oath, the statute of limitation will revive, and after the lapse of eight years from the discharge will become a bar, as was held in the case last referred to.

In the case of *Baxter* vs. *Tucker*, 1 D. Chip. R. 353, it was

ADDISON,
January,
1836.

E· Hall
vs.
A. Hall.

decided that the statute of limitation did not run against a *scire facias*, brought to revive a judgment, when the execution had been levied upon property not the debtors. And as was held in that case, so here a satisfaction appearing of record, the statute of limitation is satisfactorily answered.

It may be said the plaintiff's cause of action was not suspended by this levy. But we think that although this was not the case, yet so long as the levy appeared of record as a satisfaction of the sum now in controversy and both parties acquiesced therein, it so far rebuts all presumption of payment, that the statute ought not to operate as a bar. If it were not so decided the creditor in case of a defective levy, under the former law, might lie by until the statute had barred the judgment, and then recover the land and rents, and thus effectually deprive the creditor of all redress. And this may be true in the present case. We should be reluctant to adopt a principle so susceptible of being made the instrument of abuse. And it will be perceived that, if the statute is held to operate as a bar in this case, so must it in all cases, where the levy is in fact defective, although it be in some matter not apparent on the record as that one of the appraisers was interested in the levy or within the prohibited degrees of affinity or consanguinity.

And when this defect is known to the debtor and not known to the creditor, or even fraudulently kept out of sight, still the rule of decision must be the same. We are satisfied that in none of the cases stated should the statute operate as a bar.

The result is that the $144,75 and interest from the date of the decree is allowed to the oratrix, and is first to be set off against the judgment set up in the orator's bill and the balance of that judgment is to be offset according to the prayer of the bill and no costs allowed to either party.