Bradley *v.* Briggs et al.

••••◦●◉⊛•••••

WILLIAM BRADLEY *v.* WILLIAM P. BRIGGS AND ALEXIS CHANDLER.

Where, in an action of debt upon judgment, the defendants plead payment, and, upon trial, for the purpose of sustaining the issue upon their part, rely upon the presumption of payment arising from the non-production, by the plaintiff, of an execution, which, it appears, duly issued upon the judgment, it is competent for the plaintiff, for the purpose of rebutting such presumption, to give in evidence the record of a suit in chancery, and the original bill in that suit, commenced by the defendants against the plaintiff, after the execution had expired, in which the defendants prayed for and obtained an injunction upon the plaintiff from enforcing collection of the same judgment now in suit.

And where it appeared, in such case, that the bill in chancery was filed, and the injunction obtained, within eight years before the commencement of this suit, and the defendants therein alleged, as a reason why the injunction should be granted, that they had been summoned as trustees of the judgment creditor, which suit was still pending, and that, if the plaintiff were allowed to enforce collection of his judgment, they might be compelled twice to pay the amount due from them, it was held, that this was a sufficient acknowledgment of the judgment debt, to take the case out of the statute of limitations.

And where such bill in chancery purports to have been signed and sworn to by both the defendants in this suit, it must be treated as a joint statement by both, although the signature of but one of them to the bill is proved.

DEBT upon a judgment rendered by Chittenden county court, March Term, 1838. The writ was served March 9, 1847. The defendants pleaded,—1. *Nul tiel record;*—2. That the cause of

Bradley *v.* Briggs et al.

action did not accrue to the plaintiff within eight years next before the commencement of this suit;—3. Payment. These pleas were traversed. Trial by jury, September Term, 1848,—BENNETT, J., presiding.

On trial the plaintiff gave in evidence the record of the judgment declared upon, and the first and second executions which issued thereon, but did not produce the *pluries* execution, which it appeared was issued upon the judgment March 27, 1839, and was delivered to a proper officer to execute. The plaintiff, to avoid the presumption of payment and the statute of limitations, then offered in evidence a copy of the record of a suit in chancery in favor of the defendants against the plaintiff, and also the original bill in the same suit, which purported to have been signed and sworn to by both defendants, and proved, that it was in fact signed by the defendant Briggs, but gave no evidence tending to prove the signature of the other defendant;—from all which it appeared, that the defendants, on the twelfth day of July, 1839, preferred their bill in chancery, therein alleging, that the present plaintiff had recovered against them the judgment now in suit, and was endeavoring to enforce collection thereof, and that a trustee process was then pending against them in favor of one Pierce, they having told Pierce, before he commenced his suit, that they could not legally resist the plaintiff's claim, and that they were thus liable to be twice compelled to pay the amount due from them, and praying for an injunction upon the plaintiff from collecting the judgment; and that the injunction prayed for was allowed on the twenty second day of July, 1839, and the bond for the injunction filed with the clerk of the court of chancery on the twelfth day of September, 1839; and that the answer to said bill was duly filed and the injunction dissolved at the May Term, 1843, of the court of chancery; and that the bill was finally dismissed at the September Term, 1847, of the same court;—to all which evidence the defendants objected, but it was admitted by the court. No other evidence was offered.

The county court decided, that the testimony was sufficient to avoid the effect of the statute of limitations, in case it had run upon the judgment, and that the testimony was proper, as tending to rebut the presumption of payment from the non-production of the *pluries* execution; and the defendant not wishing to go to the jury

Bradley *v.* Briggs et al.

upon the issue of payment, a verdict was taken for the plaintiff by consent, subject to exceptions by the defendant to the above decisions of the court.

*L. Underwood* for defendants.

*L. E. Chittenden* for plaintiff.

The opinion of the court was delivered by

BENNETT, J.   Under the issue of payment, the defendants rely upon the presumption arising from the non-production of the *pluries* execution.   We think, that the record of the proceedings in chancery was properly admitted, at least under that issue.   The present suit was commenced less than eight years from the time the injunction was granted, which was the twenty second of July, 1839.   The *pluries* execution was issued the twenty seventh day of March, 1839, and went into the hands of the proper officer to execute.   The sixty days had run, before the injunction was granted; and the obtaining the injunction was an implied admission, that the judgment had not then been paid; and after that, the collection was stayed by the injunction.   This, we think, effectually rebuts any presumption of payment, arising from the non-production of the execution.

We also think, that the county court were right in holding that the evidence was sufficient to avoid the effect of the statute of limitations.   Though the injunction probably would not have the effect to stay the running of the statute, especially as it would not have been in contempt of the court of chancery, to have at any time instituted a suit on the judgment, yet we think, that the statements in the bill are a sufficient answer to the statute.   It purports to have been signed by both Briggs and Chandler; and it is stated, that they informed Pierce, while the suit was pending, that they could not legally resist the payment of the claim.   It passed into judgment, as they state in their bill, and there is no complaint as to the propriety or justice of the judgment.   They then state, that they are liable to pay the judgment *twice*, by reason of the pendency of the trustee suit, unless the court of chancery shall interfere; and to prevent this, they seek the aid of that court.   We think this is a full and explicit *implied* admission, that the debt was due; and there is noth-

ing in the case, to prevent the law from raising a promise to pay. There is nothing, which manifests an unwillingness to pay the debt once. All that the orators ask is to be relieved from the hazard of paying it twice; and the law will raise the promise to pay it to the one, who shall be entitled to it.

It is said, that more than six years had run from the time the bill in chancery was prayed out, before the present suit was commenced, though less than eight years. In the case of *Gailer* v. *Grinnell*, 2 Aik. 349, it was adjudged sufficient, to prove a promise within eight years. Besides, we might well regard the acts of the defendants, as a republication of the facts stated in their bill, so often as they made it the ground of judicial proceeding.

Though the signature of Briggs to the bill was only proved in the county court, yet it purports to have been sworn to by both of the orators, and it must be treated as a joint statement made by both of them. Consequently the question, whether the admission of Briggs alone would remove the statute bar in this case, it being a judgment, does not arise.

The result must be an affirmance of the judgment of the county court.