NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 58

No. 21-AP-200

| | |
|---|---|
| Scott Traudt | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Orange Unit, |
| | Family Division |
| | |
| Victoria Traudt | February Term, 2022 |

Thomas A. Zonay, J.

Stacey Adamski of Adamski Law, PLLC, Castleton, for Plaintiff-Appellant.

Todd C. Steadman of Davis Steadman Percy & Sluka, LLC, White River Junction, for Defendant-Appellee.

PRESENT: Reiber, C.J., Carroll and Cohen, JJ., and Grearson and Morris, Supr. JJ. (Ret.), Specially Assigned

¶ 1. **COHEN, J.** Plaintiff Scott Traudt appeals the family division's order granting defendant Victoria Traudt's motion to enforce a provision in the parties' 2010 divorce order that required plaintiff to refinance the mortgage on the marital home and pay defendant $25,000. Plaintiff argues that defendant is barred from enforcing the judgment by the eight-year statute of limitations for actions on judgments set forth in 12 V.S.A. § 506. The family division found that the statute of limitations did not apply because plaintiff had acknowledged the debt within the limitations period. We affirm.

¶ 2. The family division made the following findings in its order. Plaintiff and defendant divorced in September 2010. As part of the stipulated final divorce order, plaintiff was awarded the marital home in Strafford, Vermont. The order contained the following provision: "[Plaintiff] shall have one year from Sept. 1, 2010 to refinance the marital residence to have [defendant]'s name removed from the mortgage and to pay [defendant] $25,000.00 for her interest in the property." The order stated that if plaintiff did not comply, defendant was awarded the house and would have three years to refinance and pay plaintiff $25,000. Plaintiff failed to refinance the home or pay defendant by the required date.

¶ 3. In March 2012, the parties agreed to amend the final divorce order to give plaintiff until September 1, 2012, to refinance and pay defendant the required amount. Their stipulation was entered as an order of the court. Plaintiff did not refinance or pay defendant.

¶ 4. On March 10, 2015, the parties executed an agreement to extend and modify the amended order. The agreement allowed defendant to claim the parties' daughter as a dependent on her tax returns to compensate her for having paid off a 2006 tax debt owed by plaintiff. The agreement also stated that defendant "agrees to extend the required $25,000 as compensation for her interest in the [marital] property . . . until October 31, 2016." Plaintiff drafted the agreement and signed it. He provided it to defendant and she signed it and returned it to him. The parties intended to file the agreement with the court, but never did so. Plaintiff never refinanced or paid defendant as required, and defendant did not attempt to take possession of the home.

¶ 5. In June 2020, plaintiff moved to enforce the property settlement in the final divorce order. He asserted that he had been approved for refinancing to remove defendant's name from the mortgage but that defendant refused to sign over her interest in the home unless he paid $25,000 at the time of the refinancing. He argued that nothing in the order required him to pay that amount at or before the time of refinancing, and that he no longer owed defendant $25,000 because he had paid her "thousands of dollars" since 2010. He asked the family

2

division to order defendant to sign over the property to him and to determine what he still owed defendant.

¶ 6.     Defendant responded with her own motion to enforce the property settlement. She argued that the amounts plaintiff paid her were for their daughter's benefit and were not intended to satisfy his obligation under the property settlement. Defendant stated that she had refused to sign off on plaintiff's recent refinancing attempt because he would not provide her with the loan application, payoff amount, or settlement statement. She asked the court to deny plaintiff's claims for relief and enforce the decree by awarding possession of the home to her.[1]

¶ 7.     Plaintiff moved to dismiss defendant's motion to enforce the property settlement, arguing that it had been more than eight years since the final divorce order and therefore defendant was barred from enforcing the judgment under 12 V.S.A. § 506. He asserted that the home was now his sole property. Defendant argued in opposition that the parties had modified the original order twice, extending the time for plaintiff to refinance and pay defendant until 2012 and then 2016, and plaintiff had filed her motion to enforce within eight years of the latter date. Defendant further argued that the limitations period had been tolled because plaintiff had acknowledged the debt.

¶ 8.     Following a hearing at which both parties testified, the court issued a written order granting defendant's motion to enforce the property settlement.[2] The court concluded that the 2010 divorce order operated as a debt on judgment and that the 2012 and 2015 agreements did not operate to renew the final order. The statute of limitations for enforcing the final order

---

[1] Defendant altered her request for relief at the hearing, asking instead for the court to order plaintiff to refinance and pay her the $25,000, and if he failed to do so, for the home to be sold and the proceeds divided in accordance with the final divorce order.

[2] At the beginning of the hearing, plaintiff indicated that he was withdrawing his original motion to enforce because he was able to secure approval for refinancing without defendant's permission. The hearing and order therefore were focused on defendant's motion to enforce the property settlement.

3

therefore expired in September 2018, well before defendant filed her motion to enforce. However, the court determined that plaintiff had acknowledged the debt in the 2012 amended order and the 2015 agreement signed by the parties, and by repeatedly attempting to refinance and offering to defendant to resolve the dispute. The court concluded that plaintiff's acknowledgment of the debt within the limitations period removed the statutory bar. It accordingly ordered plaintiff to complete refinancing to remove defendant's name from the mortgage and to pay defendant $25,000 by December 31, 2021. If plaintiff failed to comply, the home was to be sold and the proceeds divided in accordance with the 2010 order. Plaintiff appealed.

¶ 9.     On appeal, plaintiff asserts that the property provisions in the 2010 divorce order are no longer enforceable because defendant did not renew the judgment within eight years. According to plaintiff, neither the 2012 stipulation nor the 2015 agreement operated as a "new promise" acknowledging the debt, and plaintiff's other actions during the limitations period did not constitute acknowledgments because they were not made in a signed writing. Finally, he contends that the court impermissibly modified the property settlement by ordering the parties to sell the home and split the proceeds if plaintiff did not pay defendant by the end of 2021. We conclude that none of these arguments have merit and therefore affirm.

¶ 10.     Whether defendant's attempt to enforce the 2010 divorce order was barred by the statute of limitations is a question of law that we review without deference to the family division. See Blake v. Petrie, 2020 VT 92, ¶ 7, 213 Vt. 347, 245 A.3d 768 (stating that this Court's review of whether motion to enforce property-division order was barred by 12 V.S.A. § 506 was "nondeferential and plenary").

¶ 11.     Vermont has an eight-year statute of limitations for actions on judgments. 12 V.S.A. § 506 ("Actions on judgments and actions for the renewal or revival of judgments shall be brought by filing a new and independent action on the judgment within eight years after the

4

rendition of the judgment, and not after."). A judgment ordinarily cannot be enforced after eight years unless it is renewed by filing "a new and independent suit" in the civil division. Nelson v. Russo, 2008 VT 66, ¶ 6, 184 Vt. 550, 956 A.2d 1117. In general, "[t]he failure to timely renew a judgment time-bars an action seeking collection on the judgment." Blake, 2020 VT 92, ¶ 8. We have held that the statute of limitations and the renewal requirement set forth in 12 V.S.A. § 506 apply to property-settlement judgments issued by the family division. Id. ¶¶ 21-23.

¶ 12. Here, the family division properly concluded that the judgment that caused the statute of limitations to begin running in this case was the 2010 final divorce order, because "[i]t was this order that ended the litigation between the parties and finally disposed of the subject matter before the court." Ayer v. Hemingway, 2013 VT 37, ¶ 18, 193 Vt. 610, 73 A.3d 673. The court also held, consistent with our law, that neither the 2012 order nor the 2015 agreement operated to renew the 2010 judgment, as neither resulted from a new and independent civil action. See id. ¶ 16 (holding that motion for possessory writ of attachment did not renew judgment); Flex-A-Seal, Inc. v. Safford, 2015 VT 40, ¶ 14, 198 Vt. 496, 117 A.3d 823 (holding that stipulated court order setting forth outstanding amount due and dictating payment terms did not renew judgment). If these were the only relevant facts, defendant would be precluded from recovery.

¶ 13. However, it has long been the law in Vermont that "in actions of debt on judgment, an acknowledgment of the debt within the statute-of-limitations period remove[s] the statutory bar." Flex-A-Seal, Inc., 2015 VT 40, ¶ 17 (citing Gailer v. Grinnell, 2 Aik. 349, 354, (Vt. 1828)); see also Olcott v. Scales, 3 Vt. 173, 178 (1831). This rule derives from contract law and is based on the principle that "a presumption arises from the lapse of time that the debt has been paid; but, when this presumption is rebutted by an acknowledgment of the debt within six years, the contract is not within the intent of the statute." Gailer, 2 Aik. at 352. In the context of a judgment debt, an acknowledgment "revives the debt ab initio, and the plaintiff recovers, not

5

on the ground of having a new right of action, but that the statute, by reason of the acknowledgment, does not apply to bar the old one." Id. at 354.

¶ 14.    We applied this principle in Flex-A-Seal, Inc. v. Safford.  The plaintiff in that case filed suit in 2012 to renew a 2002 judgment and the civil division dismissed the action as time-barred under 12 V.S.A. § 506.  On appeal, the plaintiff argued that a 2004 stipulated order that stated the original judgment amount and the current amount owed with interest, and provided for the suspension of post-judgment interest, was the controlling judgment for statute-of-limitations purposes.  We rejected this argument because the 2004 order was not a new decision on the merits.  Flex-A-Seal, Inc., 2015 VT 40, ¶ 14.  However, we concluded that defendant's stipulation and partial payment were an acknowledgment of the debt that removed the statutory bar, citing Gailer and Olcott.  Id. ¶ 20.  We therefore reversed and remanded for further proceedings.  Id.  Our decision in Flex-A-Seal makes clear that there are two ways to extend the time to collect a judgment debt: either by filing a new and independent action to renew the judgment, or by acknowledging the debt within the limitations period.[3]

¶ 15.    Plaintiff argues that the 2012 amended order and 2015 agreement did not constitute valid acknowledgments because neither contained a new promise by him to pay the debt, which he argues is required by 12 V.S.A. § 591.  That provision states: "An acknowledgment or promise shall not be held to affect a defense made under the provisions of this chapter, unless such acknowledgment or promise is in writing signed by the party affected

---

[3]  Plaintiff correctly points out that in Nelson, Ayer, and Blake, we emphasized that a new and independent civil action is required to renew a judgment under § 506.  Each of those cases involved attempts to renew a judgment debt by motion; in none was it alleged that the defendant had separately acknowledged the debt.  The acknowledgment rule was therefore not at issue.  We noted in Flex-A-Seal that there might be some tension between our holdings in Ayer and Nelson on the one hand, and the common law as stated in Gailer and Olcott on the other, but we continued to apply the common-law rule in the absence of adequate briefing on that issue.  2015 VT 40, ¶ 20.  Here, plaintiff does not argue that Flex-A-Seal, Gailer, or Olcott have been or should be overruled.  We therefore will continue to apply the law set forth in those cases.  Rowe v. Brown, 157 Vt. 373, 379, 599 A.2d 333, 337 (1991) ("Issues not raised on appeal are deemed waived.").

thereby." 12 V.S.A. § 591. According to plaintiff, because each of these documents stated only that defendant agreed to extend the deadline for payment, they did not toll the statute of limitations.

¶ 16. Plaintiff's arguments are not supported by our case law or the language of § 591. We have repeatedly held that "to prevent the operation of the statute, 'there must be an acknowledgment of the debt as still due, with an apparent willingness to remain liable for it, or at least without any avowed intention to the contrary.' " Moore v. Stevens, 33 Vt. 308, 309 (1860) (quoting Phelps v. Stewart, 12 Vt. 256, 264 (1839)); see also Aldrich v. Morse, 28 Vt. 642, 644 (1856) (holding that acknowledgment of existing debt coupled with "an implied promise, at least, to pay the claim, is necessary to prevent the operation of the statute"). In other words, an acknowledgment of the existence of the debt coupled with an implied promise to pay is sufficient. Moore, 33 Vt. at 309 ("An acknowledgment to take a debt out of the statute of limitations must be of such a nature that a promise to pay the debt can be implied from it . . . .").

¶ 17. Nothing in § 591 alters this longstanding rule. That provision refers to an acknowledgment or a promise, plainly indicating that either may be used to toll the statute of limitations. 12 V.S.A. § 591. It requires the acknowledgment or promise to be in writing and signed by the debtor but sets forth no other criteria for determining a valid acknowledgment. Id. Under these circumstances, the standard set forth in our case law continues to govern. See Langle v. Kurkul, 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986) ("The common law is changed by statute only if the statute overturns the common law in clear and unambiguous language, or if the statute is clearly inconsistent with the common law, or the statute attempts to cover the entire subject matter.").

7

¶ 18.  The 2015 agreement, which plaintiff prepared and signed, meets this standard.[4] The agreement acknowledged the debt because it admitted that plaintiff still owed defendant $25,000 under the divorce order.  The agreement extended the time for plaintiff to pay the debt, implying that he would pay it.  See Woodsville Guar. Sav. Bank v. Ricker, 85 Vt. 340, 344, 82 A. 2, 4 (1912) (holding letter from debtor asking for additional time to pay was sufficient to remove statutory bar); 4 Williston on Contracts § 8:30 (4th ed. 2022) (explaining that "[t]he debtor's request for an extension of time will clearly operate as a sufficient acknowledgment"). There was no indication in the agreement that plaintiff was unwilling to pay the debt or that he believed he was no longer liable.  See Hunter v. Kittredge's Est., 41 Vt. 359, 368 (1868) (holding that defendant's promise to "settle accounts" otherwise barred by statute of limitations "when unaccompanied by any unwillingness to pay the balance, if any, implies a promise to pay whatever balance should, upon such settlement, be found due").  Under these circumstances, the 2015 agreement was sufficient to toll the statute of limitations.  See Flex-A-Seal, 2015 VT 40, ¶ 20 (holding stipulation that stated original judgment amount and current amount owed with interest, and provided for suspension of post-judgment interest, was acknowledgment of debt that removed statutory bar).  We are unconvinced by plaintiff's contention that the 2015 agreement cannot serve as an acknowledgment because it was titled as an agreement to "extend and modify" the 2012 amended order.  The title of the document does not alter the fact that it was

---

[4]  We have not addressed the question of whether an acknowledgment of a judgment debt permanently removes the effect of the statute of limitations or simply resets the limitations period.  In contract law, from which the acknowledgment rule derives, an acknowledgment of debt starts the limitations period running anew.  See 31 Williston on Contracts § 79:76 (4th ed. 2022); see also Gailer, 2 Aik. at 353 (holding that rule in contract actions that acknowledgment of debt removes statutory bar applies to judgment debts).  Assuming the same rule applies to judgment debts, the 2012 amended order would not permit defendant to recover even if it were a valid acknowledgment because she filed her motion to enforce more than eight years after it was entered.  We need not resolve this question here because we conclude that the 2015 agreement, which was executed within the limitations period and less than eight years before defendant filed her motion to enforce, was an acknowledgment sufficient to suspend operation of the statute.

substantively an acknowledgment of the debt. See id. (holding defendant's stipulation to amount of debt owed operated as acknowledgment that tolled § 506).

¶ 19.   Plaintiff further argues that the family division erred in finding that his other actions constituted acknowledgments sufficient to toll the statute because they were not made in a signed writing. We agree that under the plain terms of 12 V.S.A. § 591, an acknowledgment must be in writing and signed by the debtor, and therefore that plaintiff's verbal statements and offers could not serve as a defense to the statute of limitations. However, the error does not require reversal because the 2015 agreement was sufficient by itself to support the court's conclusion that the statute did not bar defendant's enforcement of the judgment. See Lasek v. Vermont Vapor, Inc., 2014 VT 33, ¶ 24, 196 Vt. 243, 95 A.3d 447 (declining to reverse based on error that did not affect outcome of case); V.R.C.P. 61 (stating harmless error does not require reversal).

¶ 20.   Finally, we address plaintiff's claim that the family division improperly modified the 2010 divorce order by ordering the parties to sell the marital home and divide the proceeds if plaintiff did not refinance and pay defendant $25,000 by December 31, 2021. We agree that the family division "cannot modify the property disposition aspects of a divorce decree absent circumstances, such as fraud or coercion, that would warrant relief from a judgment generally." Boisselle v. Boisselle, 162 Vt. 240, 242, 648 A.2d 388, 389 (1994). However, the court may issue supplementary orders to enforce the terms of the original property settlement. Horgan v. Horgan, 2021 VT 84, ¶ 12, __ Vt. __, 267 A.3d 677. We view the family division's order in this case as an enforcement rather than a modification. The 2010 divorce order provided that if plaintiff did not refinance and pay defendant by the date specified, defendant would receive the home, in which case she would have three years to refinance and pay plaintiff $25,000. If she was unable to do so, the home would be immediately placed on the market and the parties would "share the profits and cost of the sale." While the court's order skipped over the interim

provision giving possession of the home to defendant, defendant did not seek possession, instead stating at the motion hearing that she wanted the house to be sold if plaintiff did not pay her. Under these circumstances, it was reasonable for the court to simply enforce the provision that expressly provided for the home to be sold. The order did not modify the 2010 property settlement and we therefore see no basis to reverse.[5] See <u>Sumner v. Sumner</u>, 2004 VT 45, ¶ 13, 176 Vt. 452, 852 A.2d 611 (holding that court's supplementary order ordering husband to execute quitclaim deed to wife enforced provision of divorce decree awarding house to wife and was not modification of decree).

<u>Affirmed</u>.

FOR THE COURT:

_____

Associate Justice

---

[5] Plaintiff appears to suggest that if he is dispossessed of the home, the final divorce decree requires defendant to pay him the costs associated with maintaining the residence for the past ten years while he was living there. Nothing in the final order supports this claim; the order is clear that defendant would be responsible for these costs only if she took possession.