2008 VT 66

**Carroll NELSON v. Ronald RUSSO**

[956 A.2d 1117]

No. 07-406

¶ 1. May 14, 2008. Defendant Ronald Russo appeals from the denial of his motion for relief from judgment. He asserts that the superior court erred when it upheld a ruling that allowed plaintiff Carroll Nelson to renew his aging judgment by motion instead of requiring a separate action on the judgment in accordance with 12 V.S.A. § 506. We reverse and remand.

¶ 2. The underlying facts are as follows. On February 11, 1998, the Washington Superior Court entered a default money judgment against defendant and in favor of plaintiff.[1] When defendant thereafter failed to comply with the judgment, plaintiff filed a motion to renew the judgment, accompanied by affidavit, on June 29, 2004. The motion recognized the eight-year statute of limitations on judgments and the requirement that existing judgments must be renewed, if unsatisfied, prior to the running of the statute. Plaintiff did not provide notice of the post-judgment motion to defendant, who at the time was residing in Florida. The superior court granted plaintiff's motion to renew on August 19, 2004, and did not note that any response had been filed by defendant.[2]

¶ 3. Subsequently, on June 26, 2007, defendant filed a motion for relief from judgment in superior court. In his motion, defendant argued three bases for relief under Vermont Rule of Civil Procedure 60(b). First, pursuant to Rule 60(b)(4), he asserted that plaintiff failed to properly renew the underlying judgment in accordance with 12 V.S.A. § 506, and that therefore the renewed judgment was void. Second, pursuant to Rule 60(b)(5), he asserted that the judgment was no longer equitable because it was more than eight years old and had not been properly renewed during the limitations period. Finally, pursuant to Rule 60(b)(6), he requested that the court exercise its discretion to spare him the hardship of defending an expired Vermont judgment in his home state of Florida. While noting the "fairly clear" precedent in *Koerber v Middlesex College*, 136 Vt. 4, 9, 383 A.2d 1054, 1057 (1978) — that 12 V.S.A. § 506 requires an *action* to create a new limitations period — the superior court denied the motion for relief. The superior court reasoned that because Rules 69 and 81 arguably allow renewal of a judgment by motion, the renewed judgment was not void as a matter of law. Furthermore, the court held that the strict application of *Koerber* would create hardship for plaintiff as the original judgment had since expired. This appeal followed.

¶ 4. On appeal, defendant claims that the superior court committed reversible error by ignoring the statutory mandate in 12 V.S.A. § 506 that requires the filing of an independent action to renew a judgment and by finding that Rules 69 and 81 provide a sufficient basis for allowing renewal of judgments by motion. In addition, defendant contends that the issue of whether the eight-year statute of limitations period is tolled is not before the Court on this appeal.

---

[1] The superior court entered the default judgment after defendant directed his attorney to withdraw and then failed to hire a new attorney or to notify the court that he intended to appear pro se despite having received final notice from the court requesting such action.

[2] Four days later, on August 23, 2004, the superior court entered a separate renewed judgment in which it detailed the updated amounts due to plaintiff.

¶ 5. The determination of whether the appropriate procedural method was employed to renew an unsatisfied judgment is legal in nature and, therefore, our review is de novo. *Progressive Casualty Ins. Co. v. Estate of Keenan*, 2007 VT 86, ¶ 6, 182 Vt. 298, 937 A.2d 630. As discussed below, we agree with defendant that 12 V.S.A. § 506 provides the appropriate procedure in this instance.

¶ 6. Defendant's primary argument on appeal is that 12 V.S.A. § 506 requires a party to file an independent action to renew a judgment. The statute states, in its entirety, that "[a]ctions on judgments and actions for the renewal or revival of judgments shall be brought within eight years after the rendition of the judgment, and not after." 12 V.S.A. § 506. We agree with defendant that the statute intended an action to be a new and independent suit commenced in accordance with Rule 3. See V.R.C.P. 3 (providing the requirements for commencing a civil action); see also *Koerber*, 136 Vt. at 9, 383 A.2d at 1057 (holding that an action on a judgment is a new and independent action). The statute's language, however, does not answer the precise question on appeal of whether filing an independent action is the only way to renew an unsatisfied judgment. Instead, it simply requires that an action to renew or revive a judgment occur within the statute of limitations period. See *In re D'Antonio*, 2007 VT 100, ¶ 7, 182 Vt. 599, 939 A.2d 493 (mem.) ("In interpreting a statute, the Court initially looks to the plain meaning of the language used by the Legislature.").

¶ 7. Prior decisions have recognized the use of an action, in accordance with 12 V.S.A. § 506, as an allowable method for renewing a judgment. In *Koerber*, we noted that a "judgment creditor can start the limitation period anew by bringing an action upon the judgment" within the limitations period. 136 Vt. at 9, 383 A.2d at 1057. Similarly, the court in *Okemo Mountain, Inc. v. Sikorski* recognized the

plaintiff's timely renewal of an unsatisfied judgment by action in accordance with 12 V.S.A. § 506. No. 1:93-CV-22, 2006 WL 335858, at *1 n.1 (D. Vt. Feb. 14, 2006) (Ruling on Pending Motions) ("As a general rule, such statutory provisions are construed to contemplate completion of the first step — here, bringing the action."). A dissenting judge of the Second Circuit, in an earlier decision dealing with identical facts, also acknowledged the plaintiff's use of an action to renew its judgment. *Okemo Mountain, Inc. v. U.S. Sporting Clays Ass'n*, 376 F.3d 102, 106 (2d Cir. 2004) (Jacobs, J., dissenting) ("Having failed to collect on its judgment from 1995 to 2003, Okemo brought the underlying suit to renew pursuant to § 506.") While neither the plain language of the statute nor these references make the use of an action mandatory as defendant contends, they do indicate the permissible use of this procedure for renewing a judgment in Vermont.

¶ 8. Contrary to defendant's argument that an action is required to renew a judgment, plaintiff claims that Rules 69 and 81 provide a sufficient basis to extend a judgment by motion. Plaintiff's claim is unfounded. Rule 69 states in part:

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. . . .
>
> . . . Actions or motions to renew or revive judgments shall not be a prerequisite to issuance of a writ of execution as long as the eight-year [statute of limitations] period has not expired.

V.R.C.P. 69. Plaintiff asserts that this language clearly and affirmatively allows for judgments to be renewed by either an action or a motion. We disagree with plaintiff's assertion. When construing and administering rules of civil procedure, we must do so liberally, in a way that " 'secure[s] the just, speedy, and inexpensive

determination of every action.' " *Price v. Leland*, 149 Vt. 518, 520, 546 A.2d 793, 795 (1988) (quoting V.R.C.P. 1); see also Reporter's Notes, V.R.C.P. 1 (recognizing the final sentence of V.R.C.P. 1 to establish a canon of liberal construction). The purpose of Rule 69 on its face, however, is to establish writs of execution as a means of enforcing a money judgment. See V.R.C.P. 69. The portion of the rule that plaintiff relies upon is included simply to clarify that judgments do not have to be renewed or revived to be enforced by execution as long as the statute of limitations has not expired. Reporter's Notes, 1982 Amendment, V.R.C.P. 69; see also *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540 (1991) (noting that the rules of civil procedure must be given their "plain meaning"). It is not included for the purpose of establishing the procedure by which to renew a judgment. The allusion to renewal by action or motion, therefore, cannot be construed to prescribe the proper procedure for renewing a judgment as plaintiff claims. To hold otherwise would extend the purpose of the rule beyond its plain language.

¶ 9. Plaintiff's argument with respect to Rule 81 — that three separate provisions in the rule affirm the practice of renewing a judgment by motion — is similarly unconvincing. First, plaintiff cites to Rule 81(b), which abolishes the writ of scire facias and certain other writs and provides that "[a]ny other relief heretofore available by any of such writs may be obtained by appropriate action or motion under the practice prescribed by these rules." V.R.C.P. 81(b). This provision, however, fails to support the practice utilized by plaintiff in this case because the rules do not prescribe a practice for renewing judgments beyond the mere allusion in Rule 69 discussed above. Next, plaintiff relies on Rule 81(c), which requires that when statutory language is inconsistent with the rules, the conflicting

terminology "shall be taken to mean the device or procedure proper under these rules." V.R.C.P. 81(c). Again, plaintiff's reliance is misplaced due to the absence of a proper procedure in the rules. Finally, plaintiff turns to Rule 81(d), which provides that, in the absence of a specific procedure, a "court shall proceed in any lawful manner not inconsistent with the Constitution of the State of Vermont, these rules, or any applicable statutes." V.R.C.P. 81(d). As discussed above, because we conclude that 12 V.S.A. § 506 sets the permissible procedure in this instance and requires a separate action to renew a judgment, plaintiff's use of a motion is an inconsistent practice and cannot be upheld under Rule 81(d). Based on the plain language and requirements set forth in Rules 69 and 81, we hold that the rules do not provide a proper basis for plaintiff's use of a motion to renew his judgment in the present case.

¶ 10. Two additional considerations support our conclusion in favor of requiring an action to renew an unsatisfied judgment. First, we have recognized on numerous occasions that notice and an opportunity to be heard are indispensable to the provision of due process. See *Rich v. Montpelier Supervisory Dist.*, 167 Vt. 415, 420, 709 A.2d 501, 504 (1998) ("The essential elements of due process are notice and an opportunity to be heard.") (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.")); see also *Lucas v. Hahn*, 162 Vt. 456, 459, 648 A.2d 839, 842 (1994) ("At a minimum, due process mandates that any procedural scheme provide an individual with notice and an opportunity to be heard."). In the present case, plaintiff's use of a motion to renew and failure to provide notice of the filing deprived defendant of the opportunity to raise any defenses to

the motion. If, instead, plaintiff had been required to commence a new, independent action to renew, defendant would have received proper notice and an opportunity to be heard. See V.R.C.P. 3 (providing notice requirements for commencing an action). The use of an action to renew plaintiff's judgment therefore would have guaranteed greater protection of defendant's constitutional rights.

¶ 11. In addition to providing increased constitutional protections, the use of an action to renew a judgment is consistent with the 2007 amendment to 12 V.S.A. § 2681(b). The amendment provides that "[a]ctions to renew small claims court judgments shall be brought by filing a complaint in small claims court prior to the expiration of the judgment." 12 V.S.A. § 2681(b). We find unconvincing plaintiff's contention that, by omitting a similar requirement for an action to renew superior court judgments, the Legislature intended to allow renewal by action or motion at the superior court level. See *Oxx v Vermont Dep't of Taxes*, 159 Vt. 371, 375, 618 A.2d 1321, 1324 (1992) (recognizing the "expressio unius est exclusio alterius" maxim as a relatively weak rule of statutory construction); *Clymer v Webster*, 156 Vt. 614, 625, 596 A.2d 905, 912 (1991) (noting that the maxim should be applied with caution and is not conclusive as to a statute's meaning). Instead, we believe that the amendment indicates the legislative presumption that actions were already required for the renewal of all superior court judgments because of the greater implications involved with those decisions.

¶ 12. Although we decide, for the purpose of the present matter, that our common law requires the filing of an independent action to renew a superior court judgment, we recognize that neither the Vermont Rules of Civil Procedure nor any statute directly addresses the proper procedure for the renewal of such judgments in Vermont. Given the confusing reference in Rule 69 to the use of a motion to renew a judgment, we refer the question of whether a specific procedural rule should be created to the Advisory Committee on the Rules of Civil Procedure.

¶ 13. On a final note, we agree with defendant that the issue of tolling is not before the Court on this appeal. We therefore leave determination of whether the eight-year statute of limitations period on the original judgment has expired to the superior court.

*Reversed and remanded for further proceedings consistent with the views expressed herein.*