*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-082

SEPTEMBER TERM, 2012

| | | |
|---|---|---|
| St. Albans Electric d/b/a Total Home Center | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| John Burgess and Virginia Burgess | } | DOCKET NO. S75-11 Fc |

Trial Judge: Martin Maley

In the above-entitled cause, the Clerk will enter:

Defendants appeal the court's denial of their motion to dismiss plaintiff's action renewing a judgment from 2003.  Defendants argue that the renewed complaint incorrectly had the old docket number and that they were not properly served with a corrected complaint.  We affirm.

The material facts are not disputed.  In March 2003, plaintiff obtained a judgment against defendants for failure to pay for furniture purchased from plaintiff.  The trial court docket number in that case was S 20-03 Fc.  The judgment remained unsatisfied, and plaintiff sought to renew that judgment pursuant to 12 V.S.A. § 506, which states that "actions for renewal or revival of judgments shall be brought by filing a new and independent action on the judgment within eight years after the rendition of the judgment, and not after."  On December 6, 2010, plaintiff filed a complaint against defendants, which bore the original docket number.  The court treated the complaint as a new action and assigned docket number S 537-10 Fc.  Plaintiff had defendants personally served with the complaint on February 7, 2011.  On February 16, 2011, defendants moved to dismiss.  The court dismissed the S 537-10 Fc case on May 6, 2011 because service was not completed within the time required.  V.R.C.P. 3 (when action is commenced by filing a complaint, service must be completed within sixty days of filing).

Meanwhile, on February 25, 2011, plaintiff filed the complaint anew and attached the service of summons reflecting the February 7 service.  The complaint filed on February 25 was identical to the complaint filed in December 2010 and served on defendant on February 7 except that the February 25 complaint did not bear a docket number when filed, whereas the December filing listed the original 2003 docket number.  This case filed February 25 was assigned docket number S 75-11 Fc.

Defendants responded with a letter asserting that they had not been properly served in the matter and would file a response when service was completed.  In March 2011, plaintiff moved to amend the docket number on the complaint that had been served on defendant.  The court granted the motion on April 22 and gave defendants twenty days to answer the complaint.

In August 2011, in the context of a ruling on a related motion, the court noted that plaintiff's February 25 complaint was filed within twenty days of service on February 7 and therefore again ordered defendants to file a response. Defendants filed an answer and motion to dismiss, claiming that there was insufficient service of process because they were not served with a complaint bearing the correct docket number. In December, the court denied the motion, reiterating its previous rulings regarding the docket numbers and timeliness of filing.

In February 2012, the parties stipulated to submitting the remaining issues in the S 75-11 Fc case to the court on the pleadings. The remaining contested issue was whether plaintiff properly and timely served the defendants notice of the proceeding. The court noted, "it seems to the court that this issue has been decided." The court reviewed the above history, noted that the complaint that plaintiff had filed in December 2010, assigned docket number 537-10, had been dismissed on May 6, 2011 due to untimely service. The court reiterated its August and December 2010 rulings that defendants were served on February 7, 2011, plaintiff filed a complaint within 20 days of that service, as required by V.R.C.P. 3, and service and filing were therefore timely. The court further noted that it had granted a motion to amend the docket number on the complaint to address any confusion regarding the docket number, and also that the allegations in all matters had been identical. Finding no merit to defendants' remaining defenses and counterclaims, the court granted judgment for plaintiff.

Defendants appeal. On appeal, defendants argue that by filing a complaint in December 2010 bearing the original docket number, plaintiff merely sought to extend the first action, and did not therefore comply with the statute that requires the filing of a new and independent suit to renew an unsatisfied judgment. They also suggest that service was not adequate because they were not served with a complaint bearing the correct docket number.

"The determination of whether the appropriate procedural method was employed to renew an unsatisfied judgment is legal in nature and, therefore, our review is de novo." Nelson v. Russo, 2008 VT 66, ¶ 5, 184 Vt. 550 (mem.) (citation omitted). Defendants' first argument—based on the fact that the December 2010 filing bore the docket number from the 2003 case—was essentially rendered moot by the trial court's May 6, 2011 order dismissing the December 2010 case due to lack of timely service. Even if there were any merit to defendants' suggestion that the initial December 2010 filing was defective because it could have been interpreted as a motion for the court to take action within the context of the 2003 case rather than as a new complaint to renew the judgment, the court dismissed that complaint for lack of timely service. The complaint that supported the trial court's judgment, and that is on appeal before us now, is the complaint that was filed on February 25, 2011. That complaint as filed did not bear the old docket number and was not subject to the interpretation defendants had placed on the December 2010 filing.

Defendants do not challenge the fact that they were personally served with a summons and complaint. To the extent they can be understood to argue that the service was insufficient as to the S 75-11 action because the complaint served upon them bore the 2003 docket number and was identical to the complaint filed in the dismissed S 537-10 Fc docket, we reject their argument. A civil action may be commenced by filing or by service. V.R.C.P. 3. Plaintiff's failure to make timely service of the December 2010 complaint did not preclude it from

2

beginning the process anew by serving defendants on February 7, 2011 and then filing the complaint within twenty days. V.R.C.P. 3.

Further, the presence of the 2003 docket number on the copy of the complaint that was served did not invalidate the service of process. While process that is not in substantial compliance with a statute is void, process that is not in the exact form is voidable only, and "the defect can be cured by amendment." Smith v. Brattleboro Reformer, Inc., 147 Vt. 303, 304 (1986). To the extent the presence of the 2003 docket number impaired the form of the complaint or created confusion, this was cured by the court's order granting plaintiff's motion to amend the docket number on the complaint.[*]

Not only did the trial court's rulings comply with the letter of the law, but they served the spirit underlying our laws about renewing judgments and service of process. Plaintiff's personal service on defendants to instigate a new action provided defendants with full notice and an opportunity to respond, and sufficed to renew the judgment. In Nelson, relied upon by defendants, we sought to ensure that defendants in a judgment-renewal action had sufficient notice and the opportunity to raise any defenses. 2008 VT 66, ¶ 10. In this case, there is no doubt that defendants were fully aware that plaintiff had initiated an action to renew the 2003 judgment, received due notice of the exact substance of plaintiff's allegations, and had every opportunity to raise defenses and otherwise respond to the complaint.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

---

[*] This is an unusual situation; when an action is commenced by service rather than filing, one would not expect the served complaint to bear any docket number at all since the docket number is assigned at the time of filing.