*Larose et al. v. Desmarais et al.*, No. 446-12-16 Frcv (Harris, J., July 25, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT
Franklin Unit

CIVIL DIVISION
Docket No. 446-12-16 Frcv

| Larose et al vs. Desmarais et al |
| --- |

## ENTRY REGARDING MOTION

Count 1, Foreclosure (446-12-16 Frcv)
Count 2, Foreclosure (446-12-16 Frcv)
Count 3, Foreclosure (446-12-16 Frcv)
Count 4, Foreclosure (446-12-16 Frcv)
Count 5, Foreclosure (446-12-16 Frcv)
Count 6, Foreclosure (446-12-16 Frcv)
Count 7, Foreclosure (446-12-16 Frcv)
Count 8, Foreclosure (446-12-16 Frcv)
Count 9, Foreclosure (446-12-16 Frcv)
Count 10, Foreclosure (446-12-16 Frcv)
Count 11, Foreclosure (446-12-16 Frcv)
Count 12, Foreclosure (446-12-16 Frcv)
Count 13, Foreclosure (446-12-16 Frcv)

Title:      Motion for Default Judgment (Motion 2)
Filer:      Rosaire Larose
Attorney:   Megan R.H. Hereth
Filed Date: June 16, 2017

No response filed


This is an action to foreclose judgment liens and/or a claimed judgement lien from a recent 2015 judgment.

Plaintiffs Rosaire Larose and Joseph Larose ("Plaintiffs" or "the Laroses"), are represented by Attorney Megan R. H. Hereth. The defendants as to whom the liens or claimed liens are asserted are Richard Desmarais and Jacqueline Desmarais (the "Desmaraises", and B&D Service Station, Inc. ("B&D"), all represented by Attorney George Harwood.

The complaint, and affidavits, and pleading and affidavit exhibits show that the Laroses sued the Desmaraises on a $54,500 promissory note that was breached in 1992. The Laroses obtained a final $89,701.31 judgment order in 5/10/99. That judgment order was recorded in the Town of Richford on 2/3/06 and in the Town of Berkshire on 1/24/00.

Following non payment, a new action, to renew the 1999 judgment was filed in 2007. A new judgment for $144,495.96 was entered on 10/16/07 and became final. That judgment was recorded in the Towns of Richford (10/15/09) and Berkshire (10/5/09).

Following non payment a new action was filed on that judgment in July 2015. A new judgment for $198,234.56 was entered on 10/30/15 and became final. That judgment was recorded in the Towns of Richford (5/19/16) and Berkshire (5/31/16).

The 2015 judgment remains unpaid. The court calculates that with interest it has a balance of $215,061.54 as of 7/25/17. It has been about 25 years since the original promissory note breach.

This action was brought to enforce foreclose the judgment liens created by the recorded judgments. The parcels against which the Laroses seek to foreclose are the 447 Horseshoe Road property ("447 Horseshoe Road") in Berkshire and 16 Province Street ("16 Province Street") property in Richford, Vermont, both owned by the Demaraises, and a property located at 165 Province Street ("165 Province Street") in Richford, VT, owned by B&D. Per the deed descriptions recited in the Amended Complaint, the Desmaraises obtained title to 16 Province Street in 1974 and to 447 Horseshoe Road (in three separate parcels) in 1974 - 1988; and B&D obtained its title to 165 Province Street in 1964.

The amended complaint alleges the Desmaraises are residents of Berkshire, Vermont.

Besides the Desmaraises and B&D, a host of lien holders are joined as defendants. Most of them have liens of one sort or another first recorded in Berkshire or Richford after the Laroses recorded their first Judgment. Three of the additional defendants (Franklin Bank; Howard Bank and John Chase) are described as having mortgages recorded prior (1974 and 1989) to the first 1/24/00 Berkshire judgment recording by the Laroses. Presumably those defendants hold superior liens against the Berkshire property.

The Desmaraises appeared by counsel and filed an unverified answer to the amended complaint.

Following service on all Defendants, Plaintiffs have moved for default judgment against all defendants. The original note, provided to the court, allows for attorney fees, and Plaintiffs move for $14,262.50 in legal fees, based on an affidavit showing time spent, since 6/3/15, depicting dates of service, and by which counsel (identified by initials), but no description of the tasks performed.

Plaintiffs also seek to obtain a foreclosure order against the 16 Province Street property, asking the court to pierce the corporate veil. Plaintiff introduce the results of a recent Secretary of State database search showing no active corporation. They also presented a hearsay letter of an administrative assistant from the Vermont State Archives and Records Administration stating no records were found for the business entity B&D Service Station, Inc.

Legal Discussion

In Vermont, a recorded judgment order may be foreclosed like a mortgage. 12 V.S.A. § 2903(c)(which provides: "[i]f a judgment lien is not satisfied within 30 days of recording, it may be foreclosed and redeemed as provided in this title and V.R.C.P. 80.1".

Rule 80.1, most commonly used in mortgage foreclosure actions, was amended in 1981 to further describe the process to foreclose a judgment lien. Rule 80.1(l).

Here the Plaintiffs have alleged the necessary Rule 80.1(l) elements in their complaint, served it on all defendants, and after waiting the answering periods, filed the motion for default, copying all parties (even those who did not appear).

On considering Plaintiffs' motion the court notes that the Defendants Desmaraises and B&D filed an unverified answer. As Plaintiffs note under Rule 80.1(c), a Defendant wishing to contest a foreclosure action must file a "verified answer or answer supported by affidavits, disclosing facts alleged to constitute a defense to plaintiff's claim", in which case the plaintiff may file a motion for summary judgment and have the complaint "treated as though supported by affidavit" and the motion will proceed under Rule 56. Rule 80.1 states that the clerk shall enter a default in accordance with Rule 55(a), if the defendant fails to file a verified answer or one supported by affidavit.

The court thus considers the motion as one for default judgment. In doing so the Court considers certain portions of Rule 55; such as the portion requiring the affidavits to be filed on personal knowledge setting forth facts as to liability and damages (Rule 55(b)(1)), and allowing the court to conduct hearings if the matter is not for a sum certain; if it is necessary to establish the truth of an averment or make further investigation of the averments (Rule 55(b)(3)).

The facial amount presently due under the 2015 judgment order is a sum certain that can be readily determined. Other issues require analysis.

First is whether Plaintiff is entitled to recovery its attorney fees in this second judgment renewal action. Plaintiffs seek their claimed attorney fees since June 2015, based on the original promissory note provisions allowing them to recover reasonable attorney fees.

This matter is before the court on its second renewal action. The law allows for the renewal of judgments within the eight-year statutory period, see 12 V.S.A. § 506, but such judgments can be renewed only by the filing of a "new and independent suit commenced in accordance with Rule 3." *Ayer v. Hemingway*, 2013 VT 37, ¶ 15, 193 Vt. 610, quoting and citing *Nelson v. Russo,* 2008 VT 66, ¶ 6, 184 Vt. 550, 956 A.2d 1117 (mem.).

The unpaid 2015 judgment serves as the basis for the defendant's liability in the new and independent action. The defendant does not get to challenge the prior judgment, in the new and independent renewal action, by asserting defenses and issues (other than lack of jurisdiction of the parties or subject matter) under the prior contract that could have been raised in the initial action. See *State v. Folsom*, 2007 WL 55114861, Docket 119-2-06 Wncv (8/30/07)(J. Teachout). The original final judgment that has been rendered serves as the legal basis and liability grounds for the sums to be collected in the new and independent judgment renewal action. The defendant's contract liability is replaced by a judgment liability, which is only to be challenged by contesting that judgment on narrow jurisdictional grounds.

In similar fashion, the court does not find that the reasonable attorney fee provisions, contained in the previously litigated contract, is a source that supports a present right to recover attorney fees. Neither of the two prior judgments on their terms allow for the Plaintiff to collect reasonable attorney fees for later judgment collection efforts. The prior contract, that had a right to recover attorney fees, was reduced in 1999 to a final judgment. That final judgment, on its face did not allow for additional attorney fees incurred in collected the decreed sum. Nor was the 1999 judgment ever amended while it was effective, to allow for additional or future attorney fees to be recovered.

The 1999 judgment, not the prior contract, became the legal authority for Plaintiffs' right to seek recovery in its first judgment renewal action that resulted in the 2007 judgment. Similarly, that 2007 judgment did not contain provisions for the Plaintiffs to seek recovery of attorney fees incurred in trying to enforce that judgment. Similarly the 2007 judgment, not the prior contract or the 1999 judgment, became the legal authority for Plaintiffs' right to seek recovery in its second judgment renewal action that resulted in the 2015 judgment. That 2015 judgment did not contain provisions for the Plaintiff to seek recovery of attorney fees incurred in trying to enforce that 2015 judgment.

The court concludes Plaintiffs are not entitled to recover their attorney fees in this matter. In their prior 199 action, to enforce the Defendants' contractual liability, the Plaintiffs could have sought an judgment order with terms to allow for reasonably necessary attorney fees incurred in collecting the judgment. Plaintiffs did not do so. It is too late for them now to seek to enforce additional rights afforded under their original contract. Were this the original action, they might have sought to amend the original judgment before it expired to allow for such recovery rights. They did not. Their judgment they rely on in this lien enforcement action is twice removed from the orignal contract debt action. While the renewal action process allows them to preserve the right to continue to enforce the prior adjudicated judgment amount, before it lapses under the statute of limitations, the new and independent action does not allow Plaintiffs to add new debt obligations, beyond their recoverable costs normally allowed to a prevailing party.

Plaintiffs will be entitled to recover their costs in the judgment foreclosure action – their filing fee and costs of service.

The second issue is whether the Laroses have shown a right to foreclose their judgment lien against the 165 Province Street property owned by B&D under their piercing the corporate veil theory. The court finds no right to such recovery has been presently shown and a Rule 55(b)(3) evidentiary hearing is required on this matter for these reasons:

First no facts have been showed that the Desmaraises have operated that property or any present or former gas station at the property. No proof for the statement that B&D has "functioned as a mere corporate strawman for the personal business" of any individual(s), let alone the Defendant Desmaraises, has been shown. The deed references described in the Amended Complaint, show that the property was deeded to the corporation in 1964 by Urbain Desmarais and Beatrice Desmarais and Nelson Demar in 1964, but not much else. Who was, or thought they were or might have been, the owners / shareholders of that corporation, is a mystery at present and not proven. The court places limited stock in a hearsay letter from the State archive assistant. Even if no B&D corporation was formed – does that mean the Desmaraises have anything to do with that purported company ? There are other records (town records; defendant Desmaraises' testimony) that may provide information rather than speculation that the Desmaraises are linked to that property.

Second, there is insufficient evidence of insufficient capital or inferences of fraud (or "naughty" dealings), to establish grounds to pierce the corporate veil. B&D does have capital – it appears to own an unencumbered land parcel (except to the extent the Judgment Liens in issue may extend to it). It is unknown if the service station still operates there. Even if it does not, there are many corporations formed to hold and manage premises that are leased, and which corporations have land as their sole asset of significance. The badges of fraud or improper dealing in this case are less convincing that in *Winey v. Cutler*, 165 Vt. 566 (1996) case. In the *Winey* case, Richard Cutler had operated his contracting business as a sole proprietorship up through the judgment Ms. Winey obtained against him, and Mr. Cutler paid his wife a small salary for her bookkeeping services. The Cutler family corporation that was scrutinized in the *Winey* case was first formed by Mr. Cutler after the significant *Winey* verdict was rendered against him personally. Its formation coincided with his former significant draw or salary being ceased (even though he worked full time for the corporation) and his wife's salary continued (and maybe even increased). The intent and steps to thwart Ms. Winey's affirmed judgment against Mr. Cutler was very evident.

Here the transfer of the realty to the corporation preceded Plaintiffs' original judgment by 35 years. There is no showing that the Desmaraises changed the way they held their assets or conducted their finances in a way to thwart Plaintiffs' recoverability options by transforming formerly attachable assets to another form. While Plaintiffs may now decry limits on their ability to collect the sum due them, it appears they have a large hand in creating that situation. They have waited 18 years to do something affirmative to collect their judgment. Unless other prior mortgages or liens with a higher priority have been since paid or discharged – the Plaintiffs have held a first place lien position on the Desmaraises'16 Province Street property since Plaintiffs recorded their 1999 judgment in 2/3/06.

The clerk will set the motion for default for a 30 minute Rule 55(b)(3)evidentiary hearing. Following such hearing the court will enter a default judgment order.

Electronically signed on July 25, 2017 at 09:42 AM pursuant to V.R.E.F. 7(d).

_____

Michael J. Harris
Superior Court Judge

Notifications:
Megan R.H. Hereth (ERN 7475), Attorney for Plaintiff Rosaire Larose
Megan R.H. Hereth (ERN 7475), Attorney for Plaintiff Joseph Larose
George D. Harwood (ERN 7098), Attorney for Defendant Richard Desmarais
George D. Harwood (ERN 7098), Attorney for Defendant Jacqueline Desmarais
George D. Harwood (ERN 7098), Attorney for Defendant B&D Service Station Inc.

Alan A. Bjerke (ERN 1016), Attorney for Defendant Green Mountain Bureau, LLC
Elizabeth M. Hannon (ERN 4808), Attorney for Defendant St.of Vt., Department of Taxes